## STELLA BAWOL *vs.* JOHN GUMKOWSKI.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Argued June 1st—decided July 3d, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligent operation of the defendant's automobile, brought to the Superior Court in Fairfield County and tried to the jury before *Nickerson, J.;* the trial court nonsuited the plaintiff and from the denial of her motion to set aside the judgment rendered thereon, she appealed. *No error.*

*Jackson Palmer,* with whom was *Daniel E. Ryan,* for the appellant (plaintiff).

*Clement A. Fuller,* with whom was *Frank E. Jamrozy,* for the appellee (defendant).

PER CURIAM. Plaintiff seeks to recover damages from the defendant for injuries caused her through the alleged negligence of defendant's agent. It was incumbent upon plaintiff to make out a prima facie case in her favor. One of the vitally essential facts upon which the plaintiff must make out a prima facie case was that Rutkowski, whose negligent operation of the automobile is alleged to have caused the injuries to plaintiff, was the agent of the defendant at the time of this accident and engaged in defendant's business. The case upon this point is a close one, and in a case as close as this the preferable course would have been to have denied the motion for a nonsuit. Upon the evidence we are unable to determine that the court erred in holding that the plaintiff did not make out a prima

facie case upon this point, and hence the denial of the motion to set aside the nonsuit was not error.

There is no error.