JOSEPH V. LUKAS *v.* CITY OF NEW HAVEN

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued March 12—decision released May 12, 1981

*John J. Buckley,* with whom, on the brief, was *Giancarlo Rossi,* for the appellant (plaintiff).

*Clarine Nardi Riddle,* deputy corporation counsel, with whom was *Charles G. Albom,* corporation counsel, for the appellee (defendant).

PER CURIAM. The plaintiff brought this action in two counts against the defendant city for injuries

he allegedly sustained as the result of a fall on ice. The incident occurred on February 6, 1976, in the traveled portion of Cottage Street, a public highway fronting the plaintiff's residence, while the plaintiff was retrieving his empty trash barrels after a trash collection by the defendant. The first count alleged a breach of the defendant's statutory duty under General Statutes § 13a-149,[1] and the second count sounded in nuisance. After a trial to the court, judgment was rendered for the defendant. This appeal followed.

On appeal the plaintiff claims that the trial court erred: (1) in concluding that the plaintiff failed to sustain his burden of proof on (a) his freedom from contributory negligence, (b) the existence of the defect in the street, and (c) whether the defendant had constructive notice of that defect; (2) in concluding that the icy condition did not constitute a nuisance; (3) in rendering judgment for the defendant who had presented no witnesses and introduced no evidence, and whose motion for judgment of dismissal had been denied by the court, thereby demonstrating that the plaintiff had estab-

---

[1] General Statutes § 13a-149 provides in part: "DAMAGES FOR INJURIES BY MEANS OF DEFECTIVE ROADS AND BRIDGES. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation, unless the action is commenced by complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice . . . ."

lished a prima facie case; and (4) in denying the plaintiff's motion to amend his complaint by adding a third count. We find no error.

To recover under the first count of his complaint, i.e., breach of statutory duty, the plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence. See *Cusick* v. *New Haven,* 148 Conn. 548, 550–51, 172 A.2d 905 (1961); *Burke* v. *West Hartford,* 147 Conn. 149, 151–52, 157 A.2d 757 (1960); *Wadlund* v. *Hartford,* 139 Conn. 169, 172, 176, 91 A.2d 10 (1952); *Jacen* v. *East Hartford,* 133 Conn. 243, 246, 50 A.2d 61 (1946); *Pape* v. *Cox,* 129 Conn. 256, 259–60, 28 A.2d 10 (1942); *Leitkowski* v. *Norwich,* 125 Conn. 49, 51, 3 A.2d 84 (1938); *Frechette* v. *New Haven,* 104 Conn. 83, 94, 132 A. 467 (1926); *Bartram* v. *Sharon,* 71 Conn. 686, 43 A. 143 (1899).

The defendant first claims that the trial court erred in concluding that he did not sustain his burden of proof on the issues of his freedom from contributory negligence, the existence of the defect claimed and whether the defendant had constructive notice of the defect claimed. These three issues involved questions of fact for the trier to determine on the evidence.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book, 1978, § 3060D. This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." Ibid. Whether the plaintiff sustained his burden of proof on the issues of his freedom from contributory negligence, the existence of the defect claimed and constructive notice of that defect to the defendant, presented questions of fact for the trier to determine upon all the evidence. See, e.g., *Baker* v. *Ives,* 162 Conn. 295, 306, 294 A.2d 290 (1972); *Cusick* v. *New Haven,* supra; *Burke* v. *West Hartford,* supra. The credibility of the witnesses and the weight to be given their testimony is for the trier. *Toffolon* v. *Avon,* 173 Conn. 525, 531, 378 A.2d 580 (1977); *Whitney* v. *Whitney,* 171 Conn. 23, 32, 368 A.2d 96 (1976). On the whole record, the conclusions challenged here are legally and logically correct, and the facts

set out in the court's memorandum of decision find ample support in the evidence. We, therefore, cannot conclude that the court's conclusions here are clearly erroneous.

The plaintiff next claims that the court erred in concluding that the icy condition did not constitute an intentional nuisance. He argues that the defendant "intentionally" created the snow and ice condition. He maintains that the defendant followed a practice of plowing only the center lane of Cottage Street, a one-way street with parking permitted on both sides, and that this practice was an intentional act. As a result of this practice, he claims that areas adjacent to the curb remained unplowed, and in those areas, "ice and snow accumulated from the first snowfall of the season creating . . . [the] 'rutty ice' condition" of which he complains. The continuing inherent or natural tendency of this condition, the plaintiff contends, "was to create a danger and inflict injury upon individuals," especially himself, since he was "forced by necessity to venture out upon" this condition to retrieve his trash barrels. We cannot accept this argument.

We have recognized that a municipality may be liable for a nuisance it creates and maintains. See *Wright* v. *Brown,* 167 Conn. 464, 470, 356 A.2d 176 (1975); *Brennan* v. *West Haven,* 151 Conn. 689, 692, 202 A.2d 134 (1964); *Hoffman* v. *Bristol,* 113 Conn. 386, 155 A. 499 (1931). The municipality is only liable in the event that, if the condition constituted a nuisance, it was created by some positive act of the municipality. *Brennan* v. *West Haven,* supra; *Bacon* v. *Rocky Hill,* 126 Conn. 402, 407, 11 A.2d 399 (1940). We have already affirmed the

trial court's conclusions on the existence, as well as constructive notice, of the claimed defect which was essentially natural in origin, i.e., ice. We cannot say that the condition, i.e., the defect, which allegedly caused the plaintiff's injury was of the defendant's own making. We have had occasion to say that failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability in nuisance upon a municipality. *Wright* v. *Brown,* supra; see *Brennan* v. *West Haven,* supra, 693. The circumstances of this case are not such as lead to a conclusion that the defect claimed was one created by some positive act of the defendant. For the reasons given, we cannot find any error on the nuisance claim.

The plaintiff's next claim is that the court erred in rendering judgment for the defendant, who presented no witnesses and introduced no evidence, although the court had denied the defendant's motion for judgment of dismissal, thereby demonstrating that the plaintiff had established a prima facie case.[2] The court did not err. The denial of such a motion serves no other purpose than to establish the fact that a prima facie case has been made out. See Practice Book § 302;[3] *Clark* v. *Connecticut Co.,* 132 Conn. 400, 402, 44 A.2d 706 (1945); *Ace-High Dresses, Inc.* v. *J. C. Trucking Co.,* 122 Conn. 578, 579, 191 A. 536 (1937). The right of the court to grant such a motion "is to be sparingly

[2] The defendant made this motion after the plaintiff rested his case; the court denied the motion, and the defendant then rested its case without presenting any evidence.

[3] Section 302 replaced Practice Book, 1963, § 278, which termed such a motion a "motion for nonsuit" for failure to make out a prima facie case.

exercised; a plaintiff is entitled to every favorable inference that may be legitimately drawn from the evidence; and a party has the same right to submit a weak case as he has to submit a strong one; *Fritz* v. *Gaudet,* 101 Conn. 52, 53, 124 A. 841 [1924]; where the granting of a nonsuit must depend in any appreciable degree upon the court's passing upon the credibility of witnesses, the nonsuit should not be granted; *Pentino* v. *Pappas,* 96 Conn. 230, 232, 113 A. 451[1921]; where a case is close, the preferable course is to deny a motion for a nonsuit; *Bawol* v. *Gumkowski,* 104 Conn. 746, 133 A. 917 [1926]." *Crowell* v. *Palmer,* 134 Conn. 502, 505, 58 A.2d 729 (1948). The court's determination of such a motion, however, is obviously not a conclusion that the plaintiff has sustained his burden of proof on the contested issues of his complaint. Also, the defendant's failure to present any evidence to contradict the evidence offered by the plaintiff gives no support to a claim that the truth of all the essential allegations of the complaint has been proven, since the general burden of proof in civil actions is on the plaintiff. See *Silva* v. *Hartford,* 141 Conn. 126, 128, 104 A.2d 210 (1954). We therefore find no error as claimed.

Finally the plaintiff contends that the court erred in denying his motion to amend the complaint by adding a third count. The allegations of the proposed amendment were identical with those of the first count except that it deleted the allegation of the plaintiff's exercise of due care. It was filed during the trial on February 14, 1980; the action had been pending since March, 1976. The plaintiff claims that the comparative negligence statute, i.e.,

General Statutes § 52-572h,[4] "eliminated [the] plaintiff's burden to plead and prove due care and freedom from contributory negligence in highway defect cases."[5] We disagree.

The trial court was correct in ruling that § 52-572h does not apply to actions for personal injuries based on General Statutes § 13a-149. It is settled law in this state that the liability of the defendant under § 13a-149 is purely for breach of a statutory duty and does not arise from negligence. See, e.g., *Hillier* v. *East Hartford,* 167 Conn. 100, 104, 355 A.2d 1 (1974); *Burke* v. *West Hartford,* supra, 151; *Porpora* v. *New Haven,* 119 Conn. 476, 479, 177 A. 531 (1935); *Bartram* v. *Sharon,* supra, 692. The liability imposed under § 13a-149 was one not known to the common law. See, e.g., *Porpora* v. *New Haven,* supra; *Frechette* v. *New Haven,* supra, 87; *Bartram* v. *Sharon,* supra, 693. The language of § 52-572h is unambiguous; it provides that comparative negligence principles apply: "In causes of action *based on negligence* . . . ." (Emphasis added.) General Statutes § 52-572h (a). Had the legislature intended the comparative negligence statute to apply to actions brought under § 13a-149, it could have explicitly done so by including specific language to that effect. "The intention of the legisla-

---

[4] General Statutes § 52-572h, entitled "NEGLIGENCE ACTIONS; DOCTRINES APPLICABLE," provides in part: "(a) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering. . . ."

[5] The plaintiff cites *Madow* v. *Connecticut,* Superior Court, Litchfield J.D., Docket # 0030487 (*N. O'Neill, J.*), Jan. 9, 1980, in support of this claim.

ture is found not in what it meant to say, but in the meaning of what it did say." *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975). See *Wiegand* v. *Heffernan,* 170 Conn. 567, 581, 368 A.2d 103 (1976); *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 411, 311 A.2d 65 (1972). "The legislature is presumed to act with awareness of long-standing judicial construction of a statute or a statutory provision." *Faraday* v. *Dube,* 175 Conn. 438, 443, 399 A.2d 1262 (1978); *Bahre* v. *Hogbloom,* 162 Conn. 549, 558, 295 A.2d 547 (1972). Finally, we cannot say that the court abused its discretion in denying the proposed amendment on the ground that it was untimely.

There is no error.