[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of a motion to strike addressed an amended complaint wherein a nuisance claim is asserted against a municipality.
From a review of the amended complaint the following factual allegations are made: The Town of Cheshire (Defendant) was a public corporation charged with the proper care and maintenance of the highways in the Town of Cheshire, including Byam Road. On or about February 16, 1990, Isabel D'Anthony was walking in a northerly direction on the east side of Byam Road, when she fell because of a pothole in Byam Road resulting in personal injuries and losses. The losses were as a result of the creation and the maintenance of a nuisance "in that said highway's design, construction and maintenance allowed water, snow, and ice to collect, form and remain in a pothole in the traveled portion of Byam Road.
Thereafter the defendant filed a motion to strike addressed to the amended complaint claiming the following: 1) the amended complaint does not allege the requisite elements to support a cause of action for public nuisance; 2) Connecticut General Statutes Section 13a-149 is the exclusive remedy for a highway defect claim. CT Page 3599
The motion to strike is properly used to test the legal sufficiency of the pleadings. Gordon v. Bridgeport Housing authority, 208 Conn. 161 (1988). Connecticut Practice Book Section 152 (rev'd. to 1978, as updated to October 1, 1990). The annexation of any document to the motion other than a memorandum of law is improper. Connecticut State Oil Co. v. Carlsone,36 Conn. Sup. 181 (Super.Ct. 1979). See Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
The motion to strike admits all well-pleaded allegations; it cannot be opposed by facts outside the attached pleading. Verdon v. Transamerica Ins. Co., 187 Conn. 363, 365 (1982); Maloney v. Conroy, 208 Conn. 393, 394 (1988); other than the facts necessarily implied and fairly probable under them. Mead v. Burns, 199 Conn. 651, 655 (1986). All well-plead facts must be construed in a manner most favorable to the non-moving party. Blancato v. Feldspar Corp., 203 Conn. 34, 36 (1987). The facts must be construed in a broad fashion. Gordon, 208 Conn. 161
(1988).
The motion to strike does not admit to conclusions of law in the complaint. Blancato, 203 Conn. 34, 36-37 (1987). Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the evidence which may be adduced at trial, the motion should be denied. Liljedahl, 215 Conn. 345, 348
(1990).
In order to prevail on a claim of nuisance, the plaintiff must prove that:
 (1) The condition complained of had a natural tendency to create danger and inflict injury upon person or property, (2) the danger created was a continuing one, (3) the use of the land was unreasonable or unlawful; [and] the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages.
State v. Tippetts, 204 Conn. 177, 183 (1987).
Additionally, when a nuisance claim is brought against a municipality, it must be alleged that the nuisance resulted from some positive act of that municipality. Ryskiewicz v. New Britain, 193 Conn. 589, 593 (1984).
In construing the facts in a manner most favorable to the Plaintiff as well as those facts necessarily implied and fairly CT Page 3600 probable under them would satisfy the elements of nuisance as discussed in Tippetts.
The Defendant contends in its motion to strike, that the Plaintiff has not alleged a positive act as required by Ryskiewicz, 193 Conn. 589 (1984).
The Defendant points to the case of Lukas v. New Haven,184 Conn. 205 (1987) as dispositive of its claim. In Lukas, however, the act the Plaintiff complained of was the icy condition of a public street. Id. at 209. The court concluded that "failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability in nuisance upon a municipality." Id at 210.
The Plaintiff has gone beyond the allegations in Lukas, as she has alleged that the Town of Cheshire "creat[ed] and maintain[ed] a nuisance in the "design, construction and maintenance" of the highway and such acts "allowed water, snow, and ice to collect form and remain in a pothole." These acts go beyond simple "failure to remedy a condition not of the municipality's own making.
The second issue raised by the motion to strike is that Connecticut General Statutes Section 13a-149 Damages for injuries by means of defective roads and bridges is the exclusive remedy for injuries caused by defective highways.
Connecticut General Statutes Section 52-557n(a)(1)(c) reads as follows: "Except as otherwise proscribed by law, a political subdivision of the state shall be liable for damages to person or property caused by acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; proscribed no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to Section 13a-149."
 The distinction between positive acts which create a nuisance and a defective condition in a highway not created by positive acts of the municipality is preserved in Section 52-557n. A plain reading of Section 52-557n reveals that the common law nuisance action remains: "[A] political subdivision of the state shall be liable for . . . acts of the political subdivision which constitute the creation or participation in the creation of a nuisance." Because of the close CT Page 3601 relationship between nuisance and defects, see Bacon, 126 Conn. at 406-07, the provision in Section 52-557n that no cause of action shall be maintained for a defective road except pursuant to Section 13a-149 is a clarification of the scope of the nuisance action. The nuisance cause of action does not intrude into the traditional scope of the effective highway statute, and Section 13a-149 remains the exclusive remedy for defects not caused by positive acts of the municipality. Id. at 104.
 Judge Koletsky in Stevens v. City of New Haven, 1 CTLR 483 (July 16, 1990, Koletsky, J.), echoes the interpretation of Section 52-557n found in Kronenfeld. Following the Stevens court's extensive examination of the legislative history of Section 52-557n, that court held that "the plaintiffs may bring a nuisance action contemporaneously with an action under the defective highway statute, so long as they allege positive acts by the municipality which created a nuisance." Id. 487.
Testo v. City of Waterbury, (Murray, J.) 2 CTLR 438 (October 29, 1990.
The amended complaint alleges that the Town of Cheshire created and maintained a nuisance. A positive act in this law of nuisance is sufficiently characterized by claiming that a condition was created and maintained by the defendant creating a nuisance.
For the foregoing reasons, the motion to strike the amended complaint is denied.
BYRNE, J.