[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR A DIRECTED VERDICT AFTER A MISTRIAL FOR FAILURE OF THE JURY TO REACH A VERDICT
The defendant has moved for a directed verdict under the provision of Practice Book Section 321 which provides in part: ". . .If a verdict was not returned such party may move for judgment in accordance with his motion for a directed verdict within the aforesaid time after the jury has been CT Page 3203 discharged from consideration of the case. . . .If no verdict was returned the Court may direct the entry of a judgment as if the requested verdict had been directed or may order a new trial." This procedure has been utilized in Console v. Nickou, 156 Conn. 268, 240 A.2d 895 (1968); Kline v. New York, N.H. H.R. Co., 160 Conn. 187, 276 A.2d 890; Johnson v. Newell, 160 Conn. 269, 278 A.2d 776.
The basis for the motion is that the plaintiff failed to I provide and offer sufficient evidence at the trial or any part thereof to remove the issue of due care on the part of Mr. Goslee from the realm of speculation and conjecture. The defendant thus claims that this failure of proof subsequently fails to remove the legal requirement of sole proximate cause from the realm of speculation and conjecture. Thus, the defendant claims that the plaintiff has failed to make out a prima facie case pursuant to 13a-144 of the Connecticut General Statutes (Highway Defect Statute).
Because there were no witnesses to the accident a very heavy burden falls upon the plaintiff to prove that the plaintiff was operating with due care at the time he passed through the ice patch on the road and subsequently left the road after travelling 200 more feet and subsequently colliding with two trees off the highway and thus losing his life.
It has long been the law in Connecticut that in an action based upon 13a-144 the plaintiff must prove, inter alia, by a fair preponderance of evidence, that the alleged defect (in this case ice on the road) "must have been the sole proximate cause of the damages claimed. Lukas v. New Haven, 184 Conn. 205, 207.
In support of its Motion the defendant makes the following claims:
1. The defendant had filed a motion for a directed verdict both at the time of the conclusion of the plaintiff's case in chief and at the end of the trial, both of which were denied.
2. The plaintiff had failed to provide any evidence of due care or sole proximate cause on the plaintiff's behalf.
3. There were no eye witnesses to the accident.
4. Plaintiff's speed was higher than posted limit.
5. Plaintiff had been awake for about 21 hours. CT Page 3204
6. Blood alcohol level was .13%.
7. Witness Duke Stanton testified that other cars travelled over the ice patch with no apparent problem.
The plaintiff claims that evidence of due care was proven as follows:
1. The plaintiff was in good spirits prior to the accident.
2. Evidence of drinking was that several hours had elapsed with the plaintiff consuming alcohol not later than 10:00 P.M.
3. The plaintiff managed to drive over a long winding road without an accident.
4. Plaintiff was driving within the speed limit.
5. The plaintiff managed to steer his car over the ice patch.
After reviewing the claims made by the parties it is the opinion of the Court that all of the claims made by the plaintiff are based upon speculation, conjecture or are irrelevant to the proof of due care.
One of the reasons for the provision for directing a verdict after a mistrial is to permit the trial court judge to once again review all the evidence in a light most favorable to the plaintiff. The Court has done so in this case and now rules that the case should not have been submitted to the jury and that judgment should enter in favor of the defendant.
Kline v. New York, N.H. H.R. Co., 160 Conn. 187, 189. See also Patrick v. Burns, 5 Conn. App. 663.
BY THE COURT, HON. HARRY N. JACKAWAY SUPERIOR COURT JUDGE