[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant City of New Britain moves to strike the CT Page 4762 third count of plaintiffs' complaint on the ground that the facts alleged are insufficient to state the requisite positive act for liability in public nuisance.
The plaintiffs, Insurance Company of North America and Carabetta Enterprises, Inc. (hereinafter Carabetta), brought this action against the defendants, John Buccheri (hereinafter Buccheri) and the City of New Britain (hereinafter City), to recover for water damage allegedly suffered when a City sewer backed up onto the plaintiff Carabetta's property. The following facts are alleged in the plaintiffs' second amended complaint dated November 20, 1991.
On September 7, 1989, Buccheri was in the process of connecting a new portion of a sewer system on Stonegate Road in New Britain and had installed the base of a sanitary sewer manhole. Late in the afternoon of that same day there was a heavy rainstorm which caused large amounts of silt, mud, and other debris to enter the recently connected sanitary sewer base into the sewer system. The silt, mud, and debris created a blockage in the system which caused a sewer backup which resulted in water damage to Stonegate Apartments, which is owned by the plaintiff Carabetta.
The first count of the second amended complaint sounds in negligence and is directed at Buccheri. Count Two is directed at the City of New Britain and sounds in nuisance. In Count Two, the plaintiffs allege that the City failed to properly install the sewer. The third count also sounds in nuisance and alleges that the City failed to clean the sewer on a regular basis.
On December 11, 1991, the City filed a motion to strike the third count of the plaintiffs' second amended complaint on the ground that the plaintiffs failed to allege a positive act by the City as required to state a cause of action for nuisance against a municipality. The City's motion was accompanied by a memorandum of law in support thereof. The plaintiffs filed an objection to the motion to strike, accompanied by a memorandum of law, on March 18, 1992.
The motion to strike contests the legal sufficiency of the allegations of any complaint to state a claim upon which CT Page 4763 relief may be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 544 A.2d 1185 (1988). The trial court, in deciding a motion to strike, must admit the truth of all facts well-pleaded, Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985), and the court is limited to the facts alleged in the complaint. Gordon, supra, 170. However, the court should not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos, supra, 108. The court's inquiry is "if facts provable under the allegations would support a . . . cause of action, then the motion to strike must fail." Id., 108.
In the third count of the second amended complaint, the plaintiffs allege that "[t]he sewer back [sic] was a result of the nuisance maintained by the defendant, City of New Britain . . . (a) IN THAT the sewers were not cleaned on (a) regular basis causing them to back up." (Second Amended Complaint, Count Three, para. 4(a)).
The City argues that this allegation, at most, alleges a failure by the City to take remedial action, and thus is insufficient to state the requisite positive act for municipal liability in nuisance. The plaintiffs argue that a statement alleging the failure to take remedial steps to prevent a sewer backup is a positive act.
A municipality may be liable for a nuisance that it creates and maintains. Lukas v. New Haven, 184 Conn. 205,209, 439 A.2d 949; Wright v. Brown, 167 Conn. 464, 470,356 A.2d 176 (1975). However, a municipality "is not liable where its sole fault is a failure to take remedial steps." Karnasiewicz v. New Britain, 131 Conn. 691, 694, 42 A.2d 32
(1945).
In determining whether the action of a municipality is a positive act, the court in Lukas v. New Haven, supra, held: "We have had occasion to say that failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability upon a municipality. (Citations omitted)." (Emphasis added). Lukas, supra, 210.
In support of their objection to the defendant City's motion to strike, the plaintiffs rely on LiBrandi v. City of Stamford, 3 CTLT 472 (March 20, 1991, Ryan, J.), for the proposition that an allegation in an action sounding in nuisance by a municipality stating a failure to adequately maintain a sewer alleges a positive act. However, a closer reading of LiBrandi reveals that the statement that the court CT Page 4764 found to constitute an allegation of a positive act was: "Defendant negligently and carelessly constructed and maintained the sewer so that it discharged refuse, filth and water." Id., 473. Thus, the allegation upheld in LiBrandi that the municipality "negligently and carelessly constructed" the sewer, sufficiently alleges that the municipality created the condition causing the nuisance.
In the case at bar, however, the plaintiffs only allege that the nuisance was "maintained" by the City. There is no allegation in the third count that the City created the nuisance as is required by Lukas. The plaintiffs have failed to allege that the nuisance complained of was a result of a positive act.
Accordingly, the court grants the defendant City's motion to strike the third count of the plaintiffs' second amended complaint.
HENNESSEY, J.