[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD PARTY COMPLAINT
The original complaint in this action is based on negligence arising out of a collision between the plaintiff's motorcycle and truck operated by the defendant Charles Jaynes and owned by the defendant Liberty Plumbing. Both defendants have now filed, as third party plaintiffs, a third party complaint against the City of Bridgeport for indemnification based on 13a-149 of the General Statutes for any sums that the third party plaintiffs have to pay to the plaintiff in the original complaint.
The City of Bridgeport has filed a motion to strike the third party complaint on the following grounds: (1) The notice to the City is defective and does not comply with 13a-149 of the General Statutes because it fails to list any injuries by the third party plaintiffs; (2) an action under 13a-149 can only be maintained by a traveler on the highways for that traveler's injuries, and the third party plaintiffs have claimed no injuries to themselves; and (3) an action for indemnification may not be brought under 13a-149.
Without extensive discussion, the court agrees with all three grounds for the motion to strike for the reasons alleged in the brief of the third party defendant. In order for a municipality to be liable under the highway defect statute, 13a-149, it must be shown that the defect was the sole proximate cause of the plaintiff's injury and resulting damage. Lukas v. New Haven, 184 Conn. 205, 207; Sanzone v. Board of Police Commissioners, 219 Conn. 179, 197. If the sole cause of the accident was a defect in the highway, (a most unlikely event with a collision of two moving motor vehicles) then the defendants would not be negligent, the plaintiff would not recover any damages against them, and there would be no indemnification from the City under the third party complaint. On the other hand, if the defendants were negligent, any negligence of the City would not be the sole proximate cause of the collision and resulting damages, and it would not be liable under 13a-149. The only basis for a cause of action against the City is under the highway defect statute, 13a-149, a statute which is an exception from the common law municipal immunity of the City. Lucas v. New Haven, supra, 212. Finally, even without this clear legal bar to the claim of indemnification, under the facts of this case the third party plaintiffs would not be able to prove the necessary elements for indemnification for negligence under such cases as Ferryman v. CT Page 3964 Groton, 212 Conn. 138, 144; Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573; Atkinson v. Berloni, 23 Conn. App. 325-327, and cases cited therein.
The motion to strike the third party complaint is granted.
ROBERT A. FULLER, JUDGE