[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On October 28, 1991 the plaintiff, Sylvio K. Mainolfi, filed a three count complaint against the defendants, Emil H. Frankel, Commissioner of Transportation (hereinafter the "State"), the Town of Derby (hereinafter the "Town") and the Ansonia-Derby Water Company (hereinafter "Water Company"). The plaintiff alleges in his complaint that while traveling in his car along Bridge Street in Derby, his car "was caused to drop into a huge pot hole in the road, approximately four feet wide and four feet deep. . . ." (Complaint, First Count, para. 5). The plaintiff further alleges CT Page 7475 that as a result of the defective and unsafe condition of the highway, he was caused to suffer severe, painful and permanent injuries, medical expenses for the treatment of those injuries and damage to his car.
In the first count of the complaint the plaintiff alleges a breach by the defendant, State, of the duty imposed by the defective highway statute, General Statutes 13a-144. In the second count of the complaint the plaintiff alleges a breach by the defendant, Town, of the duty imposed by the defective highway statute, General Statutes 13a-149. In the third count of the complaint, as revised on January 15, 1992, the plaintiff alleges negligence on the part of the defendant, Water Company. The plaintiff further alleges with respect to the third count of the complaint, that the Water Company's negligence was due to its failure to properly repair the water main, which was located beneath the surface of Bridge Street and which caused weakness in the roadbed.
On March 5, 1992 the defendant State filed a motion for summary judgment along with the affidavit of Linda L. LaPorte (Senior Clerk in the Office of the Commissioner of Transportation for the State of Connecticut) and a supporting memorandum of law, on the ground that there is no genuine issue as to any material fact. By memorandum of decision of June 3, 1992, the court, McGrath, J., granted the State's motion for summary judgment because the plaintiff failed to give timely notice to the State pursuant to General Statutes 13a-144.
On October 13, 1992 the Water Company filed a "Motion to Cite In Additional Defendants" along with a supporting memorandum of law. In that motion the defendant Water Company moved to cite in the State because the negligence of the State was either wholly or partly the cause of the damages alleged by the plaintiff. Attached to the motion to cite in additional defendants was a pleading entitled "Third Party Complaint". In the one count third-party complaint, the Water Company alleges that the injuries, losses and damages allegedly sustained by the plaintiff were wholly or partly caused by the negligence of the State. Furthermore, the Water Company seeks an apportionment of damages for which it might be liable. The motion to cite in was granted by the Court, Flynn, J., on November 9, 1992.
On February 1, 1993, the State filed a motion to strike the third party complaint and supporting memorandum of law, on the CT Page 7476 ground that the third party complaint fails to state a valid cause of action.[1]
On February 10, 1993 the Water Company filed a memorandum of law in opposition to the motion to strike.
On April 6, 1993 the State filed an amended motion to strike and supporting memorandum of law, on the ground that the third party complaint fails to state a valid cause of action since: (1) it is barred by the doctrine of sovereign immunity; (2) General Statutes 52-572h is inapplicable to the present action; (3) the present action is barred by the statute of limitations; and (4) the State was improperly made a party to this lawsuit.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). The motion to strike admits all facts well pleaded but does not admit legal conclusions. Id. When ruling upon a motion to strike the court is limited to the facts alleged in the complaint; King v. Board of Education, 195 Conn. 90, 93,486 A.2d 1111 (1985); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52,60, 376 A.2d 406 (1977). In ruling on a motion to strike, the court must "take the facts alleged in the complaint and construe them in a manner [that is] most favorable to the pleader." Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137,140, 492 A.2d 477 (1987).
The State argues that, absent legislative authority to consent to be sued in this action, the State is immune from suit and the motion to strike should therefore be granted. The State further argues that General Statutes 52-572h is inapplicable to the third party plaintiff's cause of action because it only applies to negligence actions and this is a cause of action for breach of the statutory duty imposed by the defective highway statute, General Statutes 13a-144. The State further argues that if the court allows the Water Company's third party complaint, it will invite every person who fails to provide notice pursuant to General Statutes 13a-144 to avoid sovereign immunity by bringing their action pursuant to General Statutes 52-572h.
The Water Company argues that the third party complaint seeks a declaration of the percentage of negligence attributable to the State and that an action for declaratory relief is proper in CT Page 7477 matters concerning the operations of government. The Water Company further argues that in order to preserve its rights to apportionment of liability amongst party defendants, the State must be made a party to this lawsuit.
General Statutes 13a-144 states in pertinent part:
 Any person injured in person or property through the neglect or fault of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court.
In White v. Burns, 213 Conn. 307, 567 A.2d 1195 (1990), the court stated with regard to 13a-144:
 The state highway liability statute is a legislative exception to the common law doctrine of sovereign immunity and is to be strictly construed in favor of the state. While negligence was a common law tort, there was no liability of the sovereign at common law for a defective highway in negligence or on any other common law theory. . . . The state highway liability statute imposes the duty to keep the state highways in repair upon the highway commissioner; that is the statutory command. Therefore, because there was no right of action against the sovereign state at common law, a plaintiff, in order to recover, must bring himself within 13a-144.
(Citations omitted.) Id., 321. Furthermore, although the defective highway statute incorporates a standard similar to that used in ordinary negligence actions, the cause of action is still one for breach of a statutory duty, not one for negligence. Id., 323. "Even where liability attaches to the commissioner under13a-144, it is not because of any tort committed by him against the plaintiff, but because of his breach of his statutory duty under the statute." Id.
"By its own terms, the comparative negligence statute applies CT Page 7478 only to `causes of action based on negligence.' General Statutes52-572h(b)." Durniak v. August Winter Sons, Inc., 222 Conn. 775,782, 610 A.2d 1277 (1992). "Accordingly, its terms do not govern statutory causes of action that have no common law counterpart." Id.; see also Lukas v. New Haven, 184 Conn. 205,212, 439 A.2d 949 (1981) ("[T]he liability of the defendant [City] under 13a-149 is purely for breach of a statutory duty and does not arise from negligence").
In the present case, rather than alleging that the State breached the statutory duty imposed by the defective highway statute, General Statutes 13a-144, the Water Company alleges a cause of action in negligence and seeks apportionment under 52-572h. (Emphasis added.) Since the State is sovereignly immune from negligence actions, the third party complaint should be stricken for failure to state a valid cause of action. The State's motion to strike the third party complaint is granted.
The Court
By Curran, J.