[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO CITE IN PARTY DEFENDANT
The incident giving rise to this lawsuit occurred in Bridgeport, on December 5, 1991, when the defendant Andrew Skarupa allegedly ran a stop sign while driving a truck owned by American Security Equipment, Inc., and collided with the car driven by the plaintiff. This action, with Skarupa and American Security Equipment, Inc., as defendants, was commenced in July of 1993.
The defendants are now attempting to bring in the City of Bridgeport, under Conn. Gen. Stat. 52-572h for purposes of apportioning negligence. Along with their motion, the defendants have submitted a third-party complaint that alleges that the stop sign was bent in such a way that Skarupa could not have seen it, so that the trier might find that the City of Bridgeport which controlled the sign should bear some of the responsibility for the accident. The effect of such a finding would be to reduce the damages for which the defendants Skarupa and American Security might be liable in proportion to the negligence found to belong to the City.
The provisions of Conn. Gen. Stat. 52-572h(c) which are at issue here are those which specify that "in a negligence action to recover damages resulting from personal injury, . . . each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages. . . ."
The problems that have arisen as a result of this apportionment scheme are legion. Although superficially clear, the CT Page 11170 statute has fostered as much litigation as it was evidently designed to curb. Whether to allow joinder of a party against whom the statute of limitations has run, Zollner v. Hamilton,8 Conn. L. Rptr. No. 18, 556 (May 3, 1993), or against whom a negligence action may not otherwise be maintained, McLaughlin v. Morlock,7 Conn. L. Rptr. No. 2, 55 (Aug. 3, 1992), has consumed countless hours of research by lawyers and judges, who have attempted to understand the legislative scheme with which plaintiffs and defendants in ordinary personal injury actions or negligence cases were faced beginning in 1986. Conn. Pub. Act 86-338 and 87-227. The court's task is to find the expressed intent of the legislature "as found from the words employed to make it manifest." Park Regional Corporation v. Town Plan and Zoning Commission, 144 Conn. 677,682 (1957). In doing so, it is useful to read the enactment of the legislature as a whole.
Among the interesting and consistent features of the two Public Acts that emerge when one studies them is the interplay among the subsections, so that some of them obtain meaning or definition only fully when read in light of others to which they make reference. For example, the subsection at issue here, 52-572h(c) refers, in the language regarding apportionment, to "each party against whom recovery is allowed," and refers in a proviso to subsection (g) of the same statute, recrafted in P.A. 87-227. Subsection (g) prescribes the procedure for a plaintiff to use to collect a disproportionate share of an uncollected judgment from "among the other defendants." Further, subsection (c) uses the phrase "proportionate share of the recoverable economic and the recoverable non-economic damages."
The usual rules of statutory construction that "the legislature is presumed to have intended a reasonable, just and constitutional result," Sanzone v. Board of Police Commissioners,219 Conn. 179, 187 (1991), and that "all sections of an act relating to the same subject matter should be considered together unless to do so would be plainly contrary to the legislative intent," 2A Sutherland Statutory Construction Sec. 47.06 (5th Ed.); Ossen v. Wanat, 217 Conn. 313, 320 (1991), lead to the conclusion that the parties who are defendants in the action must all be ones against whom recovery is otherwise allowable. They cannot be parties who are immune from suit, against whom statutory prerequisites for bringing suit have not been fulfilled, or who may not be assigned liability for payment of damages for some other reason. CT Page 11171
The one exception to this scheme is spelled out in the act and appears in subsection (h) which is referred to in subsection (g) which, in turn, has been referred to in subsection (c) at issue here; and that is the "released" person, who, although not a party to the action, is nevertheless included in the apportionment mandated by subsection (c).
The question then is whether the City of Bridgeport, if made a party, is one against whom, in the context of the case, an award of damages is allowable. The answer, of course, is no. For a municipality to be liable for damages for personal injury where the claim is that the accident was caused because the city "failed to repair or replace a stop sign," Third-Party Complaint, paragraph 10, the city can only be liable under Conn. Gen. Stat. Sec. 13a-149. Sanzone v. Board of Police Commissioners, supra, at 203. Moreover it can only be liable if the defective highway[1] is the sole proximate cause of the injuries and damages. Lukas v. New Haven, 184 Conn. 205, 207 (1981). This element would necessarily entail an absence of both contributory negligence by the plaintiff, Id., at 207, and an absence of negligence by any other party. D'Arcy v. Shugrue, 5 Conn. App. 12, 29 (1985); Fabrizi v. Golub,134 Conn. 89 (1947).
But the entire issue is presented in the context of a negligence action against another party. Because no damages can be awarded against the municipality if any degree of negligence is found against the defendant Skarupa, there is no apportionment that can properly take place. If Skarupa is negligent, the City cannot, as a matter of law, be liable for any damages; if Skarupa is not negligent, then there is nothing to apportion.
The Defendants' Motion to Cite In the City of Bridgeport is denied.
Cohen Wolf for plaintiff.
Michael Brodinsky for defendants.