[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S AMENDED MOTION TO STRIKEDEFENDANT'S SECOND SPECIAL DEFENSE
This is a suit for personal injuries brought by the plaintiff Peter T. McKittrick against the defendant the Town of Waterford. The plaintiff has moved to strike the defendant's second special defense.
In the plaintiff's two-count complaint, the plaintiff alleges that the plaintiff was injured while playing softball on the defendant's playing field when he ran back to catch a flyball and ran into and struck the sharp top edge of a four foot high wire fence surrounding the outfield. Count one of CT Page 7992 the complaint alleges public nuisance and count two alleges negligence.
The defendant has raised three special defenses to the plaintiff's complaint. The defendant's second special defense asserts that the plaintiff's claims are barred by the doctrine of governmental immunity.
The plaintiff has filed an amended motion to strike the defendant's second special defense. The plaintiff argues that the claim of governmental immunity is legally insufficient as to both counts. Specifically, the plaintiff asserts that count one alleges that the defendant created and maintained the fence and, therefore, the defense of governmental immunity is inapplicable. As to the negligence claim, the plaintiff argues that the defense of governmental immunity is inapplicable because the defendant's acts or omissions would likely subject an identifiable person to imminent harm.
A motion to strike is properly used to contest "the legal sufficiency of any answer to any complaint, counterclaim, or cross-complaint, or any part of that answer including any special defense contained therein . . ." Practice Book 152 (5). A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action. Nowak v. Nowak, 175 Conn. 112, 116
(1978). However, if the facts provable under the allegations would support a defense, the motion to strike must be denied.Alarms Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545 (1980).
Count 1: Public Nuisance
"We have recognized that a municipality may be liable for a nuisance it creates and maintains. . . . The municipality is only liable in the event that, if the condition constituted a nuisance, it was created by some positive action of the municipality." (Citations omitted.) Lukas v. New Haven,184 Conn. 205, 209 (1981).
A review of count one of the complaint demonstrates that the plaintiff specifically pleads that the defendant created and maintained the fence. Taking this allegation as true, the defendant can not raise the special defense of governmental immunity as to count one and the special defense as to count CT Page 7993 one should be stricken.
Count 2: Negligence
A municipality can not raise the defense of governmental immunity where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. Burns v.Board of Education, 228 Conn. 640, 645 (1994). In support of his motion to strike, the plaintiff asserts that softball players are a foreseeable class of potential victims to whom a duty of protection was owed since the potential for harm from an encounter with the fence was significant and foreseeable.
"The discrete person/imminent harm exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state. In Evon v. Andrews, [211 Conn. 501], 507 (1989)] In Evon, the court held that (t)he class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of identifiable persons within the meaning of Shore v.Stonington, [187 Conn. 147 (1982)]. The adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." (Citations omitted; internal quotations marks omitted.) Stevens v. DiLieto, Superior Court, judicial district of New London at New London, Docket No. 515353 (January 24, 1992) (Hendel, J.).
The same standard applies to this case. Merely because the defendant constructs and maintains a ballfield does not mean that all future ballplayers are identifiable persons to whom the defendant owes a duty. The group of potential victims is too large and not particularized or identifiable enough to meet the standard.
Therefore, the defendant has properly raised the defense of governmental immunity as to count two of the plaintiff's complaint and the special defense as to count two should not be stricken.
Conclusion CT Page 7994
For the reasons stated above, the plaintiff's motion to strike the defendant's second special defense as it applies to count one of the plaintiff's complaint is granted and the plaintiff's motion to strike the defendant's second special defense as it applies to count two of the plaintiff's complaint is denied.
Hendel, J.