[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a claim for damages arising out of a motorcycle accident on March 6, 1992 at the intersection of Capital Avenue and Lindley Street in the City of Bridgeport. After trial, with both CT Page 9859 parties represented by counsel, the Court makes findings as follows:
On March 6, 1992 at approximately 9:50 a.m., the plaintiff, Confey Maldonado, was operating his motorcycle proceeding in a northerly direction on Capital Avenue, with the intention of making a right hand turn onto Lindley Street. The plaintiff claims that his motorcycle hit a pot hole which caused the motorcycle to go out of control resulting in the motorcycle falling on the plaintiff's right leg causing a displaced fracture of the right tibia and right fibula.
Police Officer Michael Sample arrived at the accident scene at approximately the same time as the paramedics. He testified that plaintiff was lying in the street complaining of severe pain in his leg. The plaintiff told the officer that he was turning right and the motorcycle struck a pot hole.
The police report states that the officer observed a pot hole at the corner that was approximately one foot in diameter and approximately two inches deep.
The plaintiff testified that he was forty-two years old at the time of the accident and that he has been operating a motorcycle for twenty years. He also testified the he was familiar with the area having driven through this intersection two to three times a day. He had not previously noticed the pot hole. He said that the front wheel hit the pot hole and the motorcycle slid away from him and fell on its right side on top of his right leg.
On cross examination plaintiff testified that he had no loss of income as a result of the accident.
Miss Lisa Lipka, a clerk at the florist shop located directly across from the accident scene, testified that she was looking out, the window and saw the plaintiff approaching the intersection traveling slowly. She saw him turning the corner onto Lindley Street and saw the bike fall on top of him. She identified the pot hole from a picture and testified that she had hit it two or three times over a two year period. She stated, however, that the road way at the intersection in question had been periodically repaired during that two year period.
She said that she could see the pot hole from her vantage point on the morning of March 6, 1992. She testified that the pot CT Page 9860 hole existed for approximately three to four weeks prior to the accident. However, she further testified that she did not see the plaintiff's motorcycle hit the pot hole.
A second eye witness, Robert O'Donnell, testified that he was pumping gas at the Exxon Service Station located adjacent to the accident scene at the corner of Capital Avenue and Lindley Street. The witness was at the gas pump closest to Capital Avenue, when he heard the motorcycle coming down Capital Avenue and saw plaintiff's motorcycle fall on plaintiff as plaintiff began the right hand turn on to Lindley Street. He testified that Capital Avenue is a two lane roadway with no parking and the plaintiff was in the right lane as he turned on to Lindley Street. Mr. O'Donnell did not see the plaintiff hit the pot hole.
Mr. O'Donnell testified that the intersection at Lindley Street and Capital Avenue was very uneven and broken up, caused by water damage from a sewer that backs up during heavy rain. The witness saw the pot hole on the day of the accident and testified that the condition of the roadway, including the pot hole, had existed for more than a week prior to the incident.
Mr. O'Donnell testified that either the City of Bridgeport or a utility company had made repairs at the intersection during the early part of February, 1992, and when the work was completed, the pot hole did not exist.
 "Pursuant to General Statutes § 13a-149, the plaintiff must present evidence sufficient to support the following elements by a fair preponderance of the evidence: `(1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence.' Lukas v. New Haven, 184 Conn. 205, 207, 439 A.2d 949
CT Page 9861 (1981).
A critical determination in this case is notice. Did the defendant actually know of the defect, or in the exercise of its supervision of highways in the City of Bridgeport, should the city have known of that defect?
There was no evidence of actual notice. We must then look to the question of constructive notice.
The plaintiff in his brief, cites, inter alia, Ravick v.Middletown, 123 Conn. 688, for the proposition that the potholes existed for a sufficient period of time to charge the municipality with constructive notice. Ravick, a 1937 case, held that there was abundant evidence in the record that the condition of the sidewalk had been subsequently the same for two or three months before the plaintiff fell upon it.
In Hall v. Burns, 213 Conn. 446, the court addressed the issue of the defendants' work load in determining whether a defect existed and whether the defendant had a reasonable opportunity to correct it.
The City of Bridgeport's Superintendent of Roadways testified that the City maintains 270 miles of roadway with two pot hole teams, consisting of two trucks and four men, with an annual budget of $33,000.00.
"Evidence concerning the commissioner's workload is relevant to the issue of whether the commissioner has properly discharged his statutory duty." Id 473.
The pot hole teams respond to complaints from citizens. A complaint is logged daily in the "Pot Hole Log". The clerk in the flower shop testified that she had driven cars that struck the pot hole. The manager of the Exxon Service Station, Mr. O'Donnell, testified that his driveway adjacent to the accident scene requires constant sweeping, cleaning and maintenance. Mr. O'Donnell testified that if he saw a road condition requiring repair he would not report defects to the city. They both testified that they did not report the existence of the pot hold in question to the defendant. For some unexplainable reason the log book entries from February 24, 1992 through March 16, 1992 are missing. There was no evidence that a complaint was received by the defendant regarding the pot hole in question. CT Page 9862
The court finds that the plaintiff did not sustain his burden of proof regarding defendant's constructive notice of the defect. Also, the court finds that the defendant's burdensome workload was considered in rendering this decision.
Accordingly, judgment shall enter for the defendant.
Dated at Bridgeport, this 29 day of August, 1995.
RICHARD J. TOBIN, JUDGE