[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This is an action brought pursuant to General Statutes, Section 13-149, to recover damages for injuries sustained by plaintiff, Shirley Carey, in a fall allegedly caused by the defective condition of the defendant's sidewalk.
Plaintiff's Amended Complaint is in two counts. The First Count alleges breach of the defendant's statutory duty under General Statutes, Section 13a-149, to keep and maintain the sidewalks and streets within its territorial limits in a reasonably safe condition.
The Second Count alleges that as a result of the defendant's breach of said statutory duty, plaintiff Edward Carey suffered a loss of consortium
Plaintiffs' Complaint was filed in this court returnable June 3, 1993. Subsequently, the defendant filed its Answer, denying any wrongdoing and by way of Special Defense (As to Count Two), alleging that plaintiffs' claims under that count are barred by General Statutes, Section 52-557n(a)(1)(C). Plaintiffs filed their Reply, denying said Special Defense. Plaintiffs failed to brief their Second Count and it is deemed abandoned. This matter was tried to the court on October 23 and 24, 1997 at which time all parties appeared and were represented by counsel.
 II
Testimony and evidence introduced at trial established the following:
On or about August 7, 1991, shortly before noon, plaintiff Shirley Carey left her place of employment and drove to Adriana's Restaurant and Pizza, on Grand Avenue in he City of New Haven. She intended to purchase pizza for herself and her colleagues. On arrival at Adriana's, Mrs. Carey parked her vehicle in the restaurant's parking lot and proceeded on foot toward the front entrance of Andriana's. Walking on the public sidewalk, as she CT Page 3650 approached the front entrance of Adriana's, plaintiff fell and sustained injury, including a fracture to her right wrist. She required medical treatment and at trial submitted medical bills in the amount of twenty six thousand, nine hundred ($26,900.00) dollars, and a medical doctor's aggregate permanent partial disability rating of ten (10) percent of her right master upper extremity.
 III
It is well established that to recover under General Statutes, Section 13a-149, a plaintiff must prove, by a fair preponderance of the evidence (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect, or that in the exercise of its supervision of the highways in the city, it should have known of the defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it, having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence, Lukas v. New Haven,184 Conn. 205, 207 (citations omitted).
Under the common law, municipalities enjoyed immunity for injuries caused by defective highways, Martin v. Plainville,240 Conn. 105, 109. The scope of this statute has long been recognized to extend to sidewalks as part of the "roadway",Hornyack v. Fairfield, 135 Conn. 619, 621, Manchester v.Hartford, 30 Conn. 118, 121. Section 13a-149 is a legislative exception to the common law doctrine of sovereign immunity and as such is strictly to be construed in favor of the defendant, Whitev. Burns, 213 Conn. 307, 321. A cause of action under Section13a-149 is not really one to recover damages for an injury caused by negligence but for one caused by a breach of statutory duty,Propora v. City of New Haven, 119 Conn. 476, 479. While strict construction may produce what some may perceive as "harsh results", Martin v. Plainville, supra, at 110, 113, 114, the statute is to be given the construction which makes the least rather than the most change in sovereign immunity, White v.Burns, supra, at 312.
 IV
The threshold issue in the instant case is whether the CT Page 3651 plaintiffs have met requirement (2), as outlined, supra, inLukas: namely, to prove, by a fair preponderance of the evidence, that defendant actually knew of the particular defect, or that in the exercise of its supervision of [sidewalks] in the city it should have known of that defect. Because the court concludes plaintiffs have failed to meet this burden, this issue becomes dispositive.
There is no claim here of actual knowledge by the defendant of the defect complained of. The plaintiffs claim defendant had constructive notice of said defect. In support of their claim, plaintiffs cite testimony by Shirley Carey regarding her prior observations of the sidewalk as well as photographs of the sidewalk in front of Adriana's, taken shortly after Mrs. Carey's fall.
Whether a municipality is to be charged with constructive notice depends upon the circumstances, regard being had to the nature of the defect, whether palpable and manifestly dangerous or otherwise, the place, the extent of the use of the highway, and the time the defect had existed, Matchulot v. Ansonia,116 Conn. 55, 57. The test is whether, had the City exercised reasonable supervision, in view of the whole situation, it would have discovered the defect a sufficient time before the injury to have a reasonable opportunity to guard against it, Id, at 57.
The notice must be of the particular defect that caused the injury, Falkowski v. MacDonald, 126 Conn. 241, 244; Pajor v.Wallingford, 47 Conn. App. 365, 374; Carl v. City of New Haven,93 Conn. 622, 628. The city is not required to keep its streets and sidewalks in a reasonably safe condition but it is sufficient that it uses reasonable care to keep them in such condition,Meallady v. New London, 116 Conn. 205, 209. The question in such case is whether a dangerous condition "has been there long enough and is so conspicuous that it would attract the attention of the city in the exercise of a reasonable supervision of its streets," Id, at 209.
Plaintiff Shirley Carey testified that just prior to her fall, as she approached, "with extreme caution," the front entrance of Adriana's, she noticed in her path what she described as a hole and that to avoid stepping into said hole she stepped to her left and stepped into a second hole, which she hadn't seen, and that this caused her to fall. CT Page 3652
In support of their claim of constructive notice, plaintiffs rely on certain testimony of Mrs. Carey as well as photographs of the sidewalk in front of Adriana's, taken shortly after Mrs. Carey's fall. (Plaintiffs' Exhibit A through E). Mrs. Carey testified that she made several trips to Adriana's in the year prior to her fall, and had noted that "the sidewalk was in very poor condition. It had a lot of cracks and holes and was pitted." Her knowledge of the dangerous condition of the sidewalk caused her, she testified, to approach with extreme caution on the day of her fall. This is the only evidence offered to establish the length of time the defect had existed. This description of the sidewalk's condition does not establish with sufficient particularity the defect or defects which allegedly were the proximate cause of the plaintiff's injury. What plaintiff testified caused injury to Mrs. Carey was not "the sidewalk" stretching past the front of Adriana's but rather two holes or depressions in a section of the pavement adjacent to the front right corner of the building (as one faces the front entrance). This is best seen in plaintiff's Exhibit B. Plaintiff, Mrs. Carey never claimed to have noticed these two holes or depressions prior to August 7, 1991 and her testimony is insufficient to establish the length of time these two particular defects existed.
The photographs are offered to establish that "the subject sidewalk was manifestly dangerous." The photographs show a stretch of sidewalk in some state of disrepair but nothing so palpable or manifestly dangerous as to support a finding of constructive notice. Again, plaintiff's exhibit B, taken looking west on Grand Avenue, shows the two holes complained of some 10-12
feet west of the camera, readily discernible at that distance and, it would appear, easily avoided by a pedestrian in the exercise of reasonable care.
The court concludes the plaintiffs have failed to establish, by a fair preponderance of the evidence, that the defendant had notice, actual or constructive, of the defect or defects complained of.
Judgment, accordingly, may enter for the defendant.
By the Court
Downey, J. CT Page 3653