[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs bring this action in two counts. The first count alleges that the defendant Town of Vernon's ownership, use and operation of its sewer system, which allows sewage to flood into the plaintiff's home during period of heavy rains or heavy usage of the plaintiff's neighbors constitutes a continuing nuisance.
The second count of the complaint is against the defendant's employees in negligence for failure to repair the sewer line system, and seeking indemnity from the Town of Vernon by virtue of General Statutes § 7-465.
 I
The defendants move against the first count claiming: (1) Governmental immunity; (2) the statute of limitations, General Statutes § 52-584; (3) the problem exists because of the faulty lateral pipe (house to sewer) on the plaintiff's property.
 1. "A municipality may be liable for a nuisance it creates and maintains." Lukas v. New Haven, 184 Conn. 205, 209
(1981). General Statutes § 52-557n(a) provides that a political subdivision shall be responsible for acts of the political subdivision which constructed the creation or participates in the creation of a nuisance. For there to be an absolute nuisance it is not necessary that the actor intended to create a wrong, being a nuisance, but only that it intended to bring about the conditions which are in fact found to be a nuisance.
 2. Statute of limitations: General Statutes § 52-584 pertains to injuries caused by negligence, or by reckless or wanton misconduct. An absolute nuisance is in a category by itself, not necessarily the product of negligence. The creation and continuing maintenance of a nuisance is not subject to the negligence statute of limitations.
 3. The claim that the lateral pipe on the plaintiff's CT Page 15418 property is the cause of the backup. It appears from the documentation furnished that although the slope of the pipe from the plaintiff's house to the sewer main in the street is minimal, and hence allows water to stand, it further appears that this situation may be caused in part by the main being not sufficiently deep to accept a lateral from this property at a more appropriate downward slope. The letter from the town engineer seems to indicate that a proposed sewer on an adjacent street, Vassar Street, would be three feet below ground level with a much better slope on the pipe. (Defendant's Exhibit). One might further conclude that if the flushing out of the sewer pipe in the road solves the problem temporarily (see defendant's exhibits) congestion and backup may be caused by an inadequate slope and hence silting of the sewer pipe itself.
Suffice it to state that there is a substantial question of fact as to what is causing these problems. Those questions cannot be answered by a motion for summary judgment.
 II
As to the claims against the individual employees, and hence against the town under General Statutes § 7-465. Municipal employees do have a qualified immunity in the performance of a governmental duty. Evan v. Andrews, 211 Conn. 501, 505 (1989). However, even though an act may be discretionary, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an indentifiable person to imminent harm liability may attach. Evan v. Andrews, supra, p. 505.
It does not appear, from the information submitted, that other citizens are having problems similar to those of the plaintiffs, or that the plaintiffs' problems with the sewer are general dangers affecting the public at large. It appears quite clear that they are claiming a problem peculiar to themselves on their property — a claim which is well known to the town and the identified employees.
As to the statute of limitations pertaining to negligence, the complaint alleges a failure in reference to a July 11, 1995 incident. Process was served on January 22, 1996, well within the statute of limitations period. CT Page 15419
As to the claim that the injury was caused by a problem with the lateral pipe, that has been dealt with, supra, in this decision.
The motion for summary judgment is denied.
L. Paul Sullivan, J.