ESTELLE K. KARNASIEWICZ, ADMINISTRATRIX (ESTATE
OF STANISLAUS T. KARNASIEWICZ) *v.* CITY
OF NEW BRITAIN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 7—decided March 15, 1945.

*Harold J. Eisenberg,* for the appellant (defendant).

*Robert L. Halloran,* for the appellee (plaintiff).

MALTBIE, C. J. Sexton Street in New Britain runs into LaSalle Street from the south; the home of the plaintiff's decedent was on the north side of LaSalle Street about opposite the place where Sexton Street enters; on July 22, 1943, he was killed by an automobile which, out of control, descended a steep hill on Sexton Street, crossed LaSalle Street in a diagonal course and, running over the curb and sidewalk, struck him. In this action against the city, the trial court submitted to the jury two possible grounds upon which the plaintiff might recover: that the death of the decedent was caused by the defective condition of Sexton Street within the meaning of § 1420 of the General Statutes, and that the steepness of the hill constituted a nuisance. In answer to interrogatories, the jury found that Sexton Street was not defective within the meaning of the statute, but that the conditions on that street constituted a nuisance created by a positive act of the city; and they rendered a general verdict in favor of the plaintiff. From the denial of its motion to set that verdict aside, the city has appealed. The question is, could the jury on the evidence properly have found that the city was liable on the ground of nuisance.

The controlling facts, as the jury might have found them most favorably for the plaintiff, can be very briefly stated. The grade of Sexton Street as it runs northerly towards LaSalle Street gradually ascends until it reaches a crest about six hundred feet southerly from the intersection, and from that point it descends steeply, with a maximum grade of about 16.5 per cent, to the point where it enters LaSalle Street. The driver of the car which struck the decedent had never driven over Sexton Street before and was taken unawares, when she came to the crest of the hill, by the steep slope before her. She put the car into second gear and

at some time while descending the hill put on the foot brake, but she also threw out the clutch, thus eliminating any braking effect from the engine, and did not use her emergency brake. The speed of the car as it descended the hill rapidly increased, until it was going some sixty or seventy miles an hour. The driver tried to turn into LaSalle Street when she reached the intersection but was unable to do so, and the car crossed the street and ran into the decedent. Sexton Street is an old street. In 1906 the common council of the city established a grade for it, but there is no evidence that at that time any physical change was made in the street. In 1929 curbs and sidewalks were installed to correspond with that grade. In 1930 the street was repaved, but the surface was brought to the established grade. There had been no substantial change in the grade of the street between 1906 and the date of the accident, except that the surface of LaSalle Street at the intersection had been lowered some eight or ten inches in 1916, and to some extent, not appearing in the evidence, Sexton Street had been cut down to meet the new grade.

In *Bacon* v. *Rocky Hill,* 126 Conn. 402, 11 Atl. (2d) 399, we sustained a judgment for the plaintiff to recover for injuries suffered when a car in which she was riding overturned because of crushed stone which had been placed by the defendant town upon the surface of a highway, upon the ground that, in view of all the surrounding circumstances, the stone could reasonably be found to have constituted a nuisance in fact. In our opinion in that case, we reviewed our decisions with respect to the liability of a municipality for a condition upon or near a highway which constitutes a nuisance. Little need now be added to the conclusions which we there stated: Where, because of the failure of a municipality to remedy or guard

against a condition upon a highway, it is defective within the meaning of § 1420 of the General Statutes, that statute affords the only basis of recovery, whether or not the condition might be found to be a nuisance; but, if the municipality by its positive act creates a nuisance, it may be liable for injuries resulting from it, apart from the statute. See also *Bagni* v. *Bristol,* 127 Conn. 38, 44, 14 Atl. (2d) 716; *Beckwith* v. *Stratford,* 129 Conn. 506, 509, 29 Atl. (2d) 775. It would be no defense to liability upon either ground that the act done resulted from the adoption of a plan or design by the legislative body of the city, rather than from the ministerial act of its agents or employees, if the creation of a nuisance immediately and directly resulted. *Hoyt* v. *Danbury,* 69 Conn. 341, 352, 37 Atl. 1051; *Seidel* v. *Woodbury,* 81 Conn. 65, 67, 70 Atl. 58; *Perrotti* v. *Bennett,* 94 Conn. 533, 541, 109 Atl. 890; *Spitzer* v. *Waterbury,* 113 Conn. 84, 89, 154 Atl. 157.

On the other hand, unless the condition amounts to a defect within the meaning of the statute, a municipality is not liable where its sole fault is a failure to take remedial steps. *Bacon* v. *Rocky Hill,* supra, 409; *Dyer* v. *Danbury,* 85 Conn. 128, 131, 81 Atl. 958; *Riccio* v. *Plainville,* 106 Conn. 61, 65, 136 Atl. 872; *Parker* v. *Hartford,* 122 Conn. 500, 504, 190 Atl. 866. This principle is aptly illustrated by our recent decision in *Adley Express Co.* v. *New Haven,* 129 Conn. 560, 29 Atl. (2d) 841, where recovery was sought for injuries caused when the top of the plaintiff's motor truck came into collision with a bridge constructed by a railroad company over a highway. In sustaining a ruling that the city was not liable on the ground of nuisance, we held that, unless it had decreased the space below the bridge, after it was erected, by raising the grade of the highway, its only duty would be to remove a nuisance created by another, and it would

not, in the absence of statute, be liable for injuries due to a breach of that governmental duty.

When we apply these principles to the facts of this case, it is not possible to sustain the verdict of the jury on the ground that the city is liable for the results of a nuisance. The vote of the city council establishing a grade for Sexton Street is not in itself the creation of a condition which could be the basis of liability, any more than would a vote to change the grade of the street which had not been carried out when an accident occurred. There is no evidence that there was any physical change in the grade of the street at the time the vote was passed, or that the grade it adopted did not correspond with that of the street as it had previously existed. There is no evidence that, after that time, the city made any physical change in the grade of the street as a whole which could reasonably be regarded as creating a nuisance. There is no evidence that such slight changes as were made at its intersection with LaSalle Street when the grade of that street was slightly lowered made conditions more dangerous; and, even if the jury might have inferred that this was so, it would not support a recovery against the defendant because there was no basis upon which they could reasonably find that this change, as distinct from the steep grade of Sexton Street as a whole, in any way brought about the accident. A nuisance is not a basis of liability unless it caused the injury in question; *Orlo* v. *Connecticut Co.*, 128 Conn. 231, 241, 21 Atl. (2d) 402; and, if the accident would have happened even if the change in grade had not been made, that change could not be held to be the cause of the decedent's injuries. *Lambert* v. *New Haven*, 129 Conn. 647, 652, 30 Atl. (2d) 923. The trial court should have granted the motion to set the verdict aside.

There is error, the judgment is set aside and the case

is remanded with direction to grant the motion to set the verdict aside.

In this opinion the other judges concurred.