MARY BENJAMIN v. CITY OF BRISTOL

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 75263

Memorandum filed November 8, 1946.

*Irving Joseph,* of Bristol, for the Plaintiff.

*Warren Maxwell,* of Hartford, and *Joseph M. Donovan,* of Bristol for the Defendants.

CORNELL, J.    Plaintiff in her complaint alleges that she fell, and was thereby injured, on a sidewalk in Bristol, on January 9, 1945, which was part of a public highway.  The cause of her hurts she attributes to the fact that "The surface of said sidewalk at said place was at said time and had been for a long time prior thereto covered with snow and ice and was slippery and defective."    Plaintiff filed a written notice with the town clerk of Bristol in which she described the time and place where she fell, stated that she had received injuries and notified the municipal corporation that she was making a claim for damages.  The only reference to the cause of plaintiff's injuries contained in this is a statement to the effect that "I slipped and fell on the sidewalk on the west side of Burlington Avenue . . . etc. . . ."  Defendant demurs to the sufficiency of the complaint in respect of such notice, contending that it does not fulfill the requirements of § 1420, which demands that the notice to be given contain among other details a general description of the cause of the alleged injuries.

It is obvious that one may slip and fall while traversing a public way from any one of a variety of causes, some of which might conceivably have no relation to a defective condition. Since the purpose of the notice required by the statute is to enable the municipal corporation concerned to investigate to ascertain whether in fact the condition alleged existed at the time and place where the person injured claims it did and to learn its character and other details relating to it, it is evident that the description of the cause of the hurts complained of must be such as to afford sufficient information to lead to the location of the condition upon reasonable inquiry. Tested by this standard, it is obvious that the notice is lacking in an essential particular in that while it tells how the plaintiff fell (that is by slipping) it fails to indicate what it was that caused her to slip, or, more pertinently, whether it was a defective condition of the highway, and if so, what, that produced that effect. The notice is fatally defective in that it neither states the cause of plaintiff's fall or (if that were potent to fill the void) anything that by inspection would enable the city to identify the defect blamed by plaintiff for the mishap. The provision of the same section (§ 1420) which states that no notice shall be held invalid or insufficient "by reason of an inaccuracy in describing . . . [inter alia] the cause of occurrence of the injury if it shall appear that there was no intention to mislead or that such town . . . was not in fact misled thereby," does not apply to the situation presented here. There is not disclosed an insufficient or mistaken designation of the cause of plaintiff's slipping and falling, but no description at all. The situation is one within the purview of the opinion in *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 401.

The complaint also alleges that "The defendant created and maintained a nuisance in permitting the above mentioned condition to exist and in failing to make said walk reasonably passable and safe for pedestrians and travellers."

A municipal corporation is not liable for injuries sustained by persons in lawful use of its highways on the theory of nuisance, apart from the penalty imposed by § 1420, unless, by its officers, agents or servants, it creates the condition constituting such nuisance by its own positive act or conduct. *Bacon* v. *Rocky Hill,* 126 Conn. 402, 410; *Beckwith* v. *Stratford,* 129 Conn. 506, 509; *Karnasiewicz* v. *New Britain,* 131 Conn. 691,

694. There is no allegation in the complaint here that the defendant by its employees or otherwise caused the snow or ice to be placed on the sidewalk at or near the point where plaintiff fell. On the contrary it is alleged that the claim nuisance arose from defendant's failure to remedy a condition existent there. Such neglect on defendant's part, whether academically classified as negligence or productive of a nuisance, states a situation within the conception of § 1420. *Karnasiewicz v. New Britain,* supra, 694. The absence of any affirmative allegation that defendant produced the alleged dangerous condition is fatal to an attempt to describe a cause of action on the ground of nuisance.

The demurrer is sustained on both grounds.