WILLIAM F. BRENNAN ET AL. *v.* TOWN OF WEST HAVEN

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued January 8—decided June 23, 1964

*Charles H. Fischer, Jr.,* with whom, on the brief, was *Eugene J. Dorsi,* for the appellant (defendant).

*Charles G. Albom,* with whom, on the brief, was *Howard F. Zoarski,* for the appellees (plaintiffs).

SHEA, J. The plaintiffs brought this action to recover for damage to property alleged to have been caused by a nuisance resulting from the unlawful discharge of water from a drainage pipe on property owned or controlled by the defendant. The jury returned a verdict for the plaintiffs, and from the judgment rendered thereon the defendant town has appealed, claiming that the court erred in refusing to instruct the jury as requested.

The plaintiffs offered evidence to prove, and claimed to have proved, the following facts: Since 1945, the plaintiffs have owned a three-family dwelling house on a lot which is bounded northerly by land formerly of Garland Court, Inc., hereinafter called Garland, and westerly by Savin Avenue. The plaintiffs' land originally was four or five feet higher than the land north of it. A brook about eight feet in width and five feet deep ran from east to west through the Garland property parallel to and about eight feet from the plaintiffs' house. North of the Garland property, a low, swampy piece of land owned by the town was used by it as a drainage basin. A brook draining this area ran through the Garland property and joined with the brook which ran from east to west. In 1953, Garland built apartment houses on its land. At that time, both of the brooks were enclosed by pipes, and the surrounding land was filled so that it was then four feet higher than the plaintiffs' land and level with Savin Avenue on the west. An abutting wall was erected along the southern boundary of the Garland property parallel to the northerly line of the plaintiffs' land. A road called Savin Court was built

parallel to the northerly line of the plaintiffs' property and over the brook which formerly ran from east to west. This road has been used as a public highway since 1954. After the drainage pipes were laid, water began to seep onto the plaintiffs' property and into their cellar. Water to the depth of three feet has frequently accumulated in the plaintiffs' back yard, and at times it has reached the same depth in the cellar. This condition has continued and grown progressively worse since 1954. The foundation of the plaintiffs' house and the furnace in it have been damaged, and the market value of the property has been decreased. The pipe which was used to enclose the brook running from east to west was not large enough to carry the water fed into it, and the pipe was otherwise negligently installed. The abutting wall erected on the plaintiffs' northern boundary collapsed as a result of the percolation of water from the pipe. The town repaired the wall. The plaintiffs complained frequently to the town about the condition, and at various times the town helped them to pump the water from their property. All of the foregoing work was done pursuant to a plan between Garland and the town so that a road could be built and accepted as a public highway. The drainage problem had been discussed with the town's first selectman, who furnished the pipe necessary to enclose the brooks. The town engineer supervised the work, gave the grades for the pipe and gave instructions for the building of Savin Court. Plans for laying the pipe and building the road were submitted to the town officials and approved by them.

The town offered evidence to prove, and claimed to have proved, the following: The president of Garland operated a construction company as an

individual, and all of the work described above was done with his equipment and employees. The plans and specifications for development of the Garland property, including the piping of the brooks and the size of the pipe, were prepared by an outside designer, and the town did not furnish or pay for any of the pipe used in the work.

The town requested the court to charge the jury that "[i]n order to hold the Town of West Haven on the theory of nuisance you must find that the Town created the condition termed a nuisance by positive act." The court refused to charge as requested and told the jury that "the main question for you to decide in this case . . . is first whether there is a nuisance here . . . and whether that nuisance is maintained by the Town."

The town's request to charge should have been granted. Where a municipal corporation creates and maintains a nuisance, it is liable for damages to any person suffering special injuries therefrom. *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 A. 499. Liability can be imposed on the municipality only in the event that, if the condition constituted a nuisance, it was created by some positive act of the municipality. *Sheeler* v. *Waterbury,* 138 Conn. 111, 115, 82 A.2d 359; *Prifty* v. *Waterbury,* 133 Conn. 654, 657, 54 A.2d 260; *Karnasiewicz* v. *New Britain,* 131 Conn. 691, 693, 42 A.2d 32; *Bacon* v. *Rocky Hill,* 126 Conn. 402, 407, 11 A.2d 399. A determination of the question whether the nuisance was created by the positive act of the municipality is essential to a determination of its liability. In denying the town's motion to set aside the verdict on the ground of error in the charge, the trial court relied on *Sellick* v. *Hall,* 47 Conn. 260, in which this court said (p. 270) that the maintenance of a nuisance is

equivalent in law to the creation of one. A statement of similar import was made in the case of *Morse* v. *Fair Haven East,* 48 Conn. 220, 223. This principle was considered by this court in *Sheeler* v. *Waterbury,* supra, in which we held (p. 116): "In so far as this statement [an intentional continuance of a nuisance is equivalent to the creation of one] is applicable to a municipality which maintains a nuisance not of its own creation, it has long since been discarded as unsound. See *Karnasiewicz* v. *New Britain* [131 Conn. 691, 693, 42 A.2d 32], *Bacon* v. *Rocky Hill* [126 Conn. 402, 407, 11 A.2d 399], and *Hoffman* v. *Bristol* . . . [113 Conn. 386, 389, 155 A. 499]." The court erred in failing to charge as requested.

The town also requested the court to charge that in order to hold the town liable, the jury must find that the men who actually laid the pipe and did the construction work were acting as agents of the town within the scope of their authority. The court did not comply with this request. The plaintiffs made no claim that the persons who did the actual construction work were agents of the town. The plaintiffs concede that this work was done by a contractor engaged for that purpose by Garland. But they do insist that the pipe was furnished and paid for by the town and that Garland was aided and assisted in planning, laying out and supervising the work by the town engineer and other employees who were agents of the town. In other words, they claim that town employees actively participated in the creation of the conditions claimed to be a nuisance. If the town, by positive act, either created or participated in the creation of a nuisance resulting in damage to the plaintiffs, it is liable. *Karnasiewicz* v. *New Britain,* supra, 694; *Bacon* v.

*Rocky Hill,* supra; *Hoffman* v. *Bristol,* supra; Joyce, Law of Nuisances § 474. If the town assisted or participated in the laying of the drainage pipes and if these pipes constituted a nuisance, the town could be held responsible for the damage resulting to the plaintiffs' property. *Prifty* v. *Waterbury,* supra. If, on the other hand, the jury found, as the town claimed, that the town did not furnish the pipes or supervise the work, and that it did not otherwise participate in the creation of the condition claimed to be a nuisance, the town could not be held responsible. In view of the plaintiffs' claims of proof, the court did not err in refusing to charge that the town could not be held liable unless the actual work of construction was performed by agents of the town.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.