[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs bring this action in ten counts against the Town of Bloomfield and against Daniel Rosenthal, Sergeant of the Bloomfield Police Department.
The defendants move to strike counts one, two, seven and eight of the complaint.
Counts one and two of the complaint, count one for Rebecca Lamay and count two for Lauriston Lamay allege nuisance as against the town for failure to disperse or control an unruly gang of people whom, they claim, "issued verbal threats and committed random criminal acts of violence" as against persons traveling on Route 189 in the Town of Bloomfield.
The claim of the plaintiffs is that the defendant town allowed the unruly citizens to "remain in the Tariffville Grange when they knew or should have known that the crowd was engaged in acts that were disturbing the peace, including the ability of the community to use Route 189, a public thoroughfare."
 I
The defendants move to strike the first and the second counts, nuisance, claiming, first, that the plaintiffs have failed to allege that the plaintiff "was exercising a public right." Because the plaintiffs claim that they were riding a motorcycle on a road known as Route 189 the court determines that the allegation is sufficient to infer that they were in the exercise of a public right. The court recognizes that State CT Page 6462 Highways in this state are generally described by "Route ___," followed by an appropriate number. The court takes judicial notice of the fact that motorcycles are commonly used vehicles for transportation on public highways. Though it would be better pleading to set forth an allegation of the public use of a public highway, the court finds that the absence of such specific allegation is not sufficient cause to grant a motion to strike under these circumstances.
The second reason for the motion to strike is that these counts do not allege that the defendants created an alleged nuisance by any positive act of the municipality.
 "Liability can be imposed upon the municipality only in the event that, if the condition constituted a nuisance, it was created by some positive act of the municipality."
 "Insofar as this statement [`an intentional continuance of a nuisance is equivalent to the creation of one'] is applicable to a municipality which maintains a nuisance not of its own creation, it has long since been discarded as unsound."
Brennan v. West Haven, 151 Conn., 689, 693, 694. See also General Statutes § 52-557(N)(a)(1)(C) which reiterates the requirements of "CREATION OR PARTICIPATION." However, this principle is limited to nuisances on a highway which the municipality has the duty, by statute, to maintain. SeeKaransiewicz v. New Britain, 131 Conn. 691, 694 (1945).
It is noted that this case may present a somewhat different factual circumstance than do cases such as Brennan v. West Haven,
supra. General Statutes § 13a-144 references the Commissioner of Transportation's obligation to maintain state highways. General Statutes § 13a-149 references the municipalities' duty to maintain town roads. Hence, if Route 189 is a state highway the plaintiff's claim against the town would not fall within the parameters/perimeters of nuisance arising out of failure to maintain the highway, which questions were in fact resolved by Brennan v. West Haven, supra. CT Page 6463
Unquestionably a municipality can deliberately cause an absolute nuisance to exist on a state highway. For example, by excavating in the state highway to install or repair water mains, and the like. Also, however, a municipality can cause a nuisance to come upon and exist upon a state highway by negligence. For example, negligently driving heavy equipment upon the state highway and thereby causing holes or depressions to come upon a state highway.
In this instant case, however, as to absolute nuisance, there is no claim that the town called together the assemblage of a group of people; or that it incited the group of people to become unruly, threatening or dangerous. No facts can be gleaned from the complaint to infer such a state of facts. Further the mere fact that General Statutes § 7-108, which would impose civil liability upon the town for failure to suppress a mob or riotous assembly, would not cause such failure to be tantamount to the intentional creation of a nuisance.
The plaintiff's citation of Dingwell v. Litchfield,4 Conn. App. 621 (1995) does not support the plaintiff's contention that the town's alleged activity caused an absolute nuisance. In that case the town actually created and maintained the sanitary landfill facility which caused pollution on the plaintiff's property. Although the case of Evon v. Andrews, 211 Conn. 501,505 (1989) would stand for the proposition that a town may be liable for "failure to enforce certain laws" and specifically refers to General Statutes § 7-108, yet the case does not stand for the proposition that the failure to enforce such laws does in fact constitute an absolute nuisance. Failure to enforce laws may remove the defense of governmental immunity for civil liability, but does not in fact cause such failure to constitute an absolute nuisance.
The first two counts of the complaint fail to allege facts such as to support a conclusion of creation of an absolute nuisance by the positive act of the municipality or to allege facts from which such an inference may be drawn. However, absent governmental immunity, which does not appear to apply in this action as pleaded (Evon v. Andrews, supra, P. 505), there is no reason to believe that a municipality would not be responsible for the negligence in causing a nuisance to exist on a state highway, in the same fashion as would a private citizen who negligently caused a nuisance to exist on a municipal highway. CT Page 6464
The motion to strike the first count and the second count of the complaint is denied.
 II
The defendant moves to strike the seventh and the eighth counts of the complaint. Those counts set forth a claim under General Statutes § 52-557n. Those counts incorporate the third and the fourth counts of the complaint, which counts allege various claims of negligence to the effect that Sergeant Rosenthal failed to monitor the activity of the crowd and in essence to do whatever was necessary to control the crowd and to warn and protect members of the public, including the plaintiffs, from injury by the crowd.
It is noted that the fifth and sixth counts of the complaint assert claims against the town under General Statutes §7-465, the Municipal Employees Indemnity Statute. The defendant does not move to strike the claims set forth in those counts.
The defendant town claims that General Statutes §52-557n(b)(6) specifically prohibits a cause of action under the circumstances of the case. General Statutes § 52-557n(b)(6) provides that the employee nor the municipality shall be liable for "(6) the act or mission of someone other than an employee, officer or agent of the political subdivision."
The defendant appears to claim that this provision of the statute requires that the municipality or its employee must be the sole proximate cause of the injury in order to be held liable for the injuries. The statute does not say that. Had the legislature so intended a simple choice of words, such as "omission, in whole or in part," would have been a direct and uncomplicated way to have stated that proposition. Furthermore, in light of General Statutes § 7-108, which specifically makes the municipality responsible, if negligent, for the "act of violence of any person or persons while a member of, or in concert with a mob" then the liability imposed upon the municipality by General Statutes § 52-557n, as applied to a General Statute § 7-108 situation, would preclude any liability under § 7-108 if § 52-557n to be interpreted to require that the municipality must be the sole proximate cause of the injuries.
Finally, in a factual claim substantially similar to the CT Page 6465 claim of the plaintiffs in the instant case, Sestito v. Groton,178 Conn. 520 (1979) the Supreme Court determined that the municipal indemnity statute, General Statutes § 7-465 may be applicable to circumstances where the claim of the plaintiff against the town, arises out of a claim of negligent failure to act, under the provisions of General Statutes § 7-108. If the concept of sole proximate cause is not applicable to municipal liability under the indemnity statute, § 7-465, it is difficult to envision that the Supreme Court would interpret a procedurally less circuitous action against the municipality under General Statutes § 52-557n as superimposing, under these facts, the concept of sole proximate cause upon direct actions brought under the auspices of that statute.
The motion to strike the seventh and eighth counts of the complaint is denied. The motion to strike the first and the second counts of the complaint is denied.
L. Paul Sullivan, J.