[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT ARCHITECT'S MOTION TO STRIKE COUNTS THREE SIX AND TWELVE
The plaintiffs, Ethan Early and Brian Early, are the owners of property containing a multifamily dwelling on Hawthorne Avenue in Derby, Connecticut. The plaintiff, Lillian Early, resides in the dwelling. The defendant, Derby Neck Library Association, owns and operates the Derby Neck Library. The library is located on property on Hawthorne Avenue adjacent to the plaintiffs property. The defendant, Mancini Construction Co., Inc., is performing an expansion and restoration project at the library. The defendant, Buchanan Associates Architects, performed the architectural and engineering work for the project.
The plaintiffs filed a twelve-count, second revised complaint against the defendants. The complaint alleges that the plaintiffs own and maintain a driveway and retaining wall which run along the common property line between the two properties. As a result of the ongoing excavation and construction on the defendant's property, the plaintiffs' wall and driveway have been damaged. The plaintiffs claim that the wall and driveway have been so damaged that they are now unsafe. Lillian Early's visitors and caretakers will not drive up the driveway, fearing it may collapse, which has caused a threat of damage to her health. CT Page 13008
The complaint is based on four theories of liability, i.e., right to lateral support of land, private nuisance, negligence and negligent infliction of emotional distress, against each of the three defendants. The defendant, Buchanan Associates Architects, has moved to strike count three, based on right to lateral support of land, count six, based on private nuisance and count twelve, based on negligent infliction of emotional distress. In support of its motion, Buchanan filed a memorandum and a supplemental memorandum. The plaintiffs have filed a memorandum and supplemental memorandum in opposition to the motion to strike.[1]
Practice Book § 10-39 provides that "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, . . . or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp., 243 Conn. 66, 68,700 A.2d 655 (1997). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grisby, 215 Conn. 345, 348,576 A.2d 149 (1990). If the facts of the complaint are not legally sufficient to state a cause of action, the complaint should be stricken,Gulak v. Gulak, 30 Conn. App. 305, 620 A.2d 181 (1993).
 I
It is fundamental law that ". . . the owner of land has a right to the lateral support of his own soil in its natural state." Canfield RubberCo. v. Leary, 99 Conn. 40, 44, 121 A. 283 (1923).The law of Connecticut concerning the right of lateral support of land was stated in Carrig v.Andrews, 127 Conn. 403, 405, 17 A.2d 520 (1941),
 "We have said of the nature of the so-called right of lateral support that it is regarded as an incident to the ownership of land. It is a right of property necessarily and naturally attached to the soil, and passes with it. There is no right of ownership in a CT Page 13009 neighbor's soil, for the latter may excavate his land up to the very boundary line, and use the soil as he chooses, provided he refurnishes by artificial means the support thus removed. It is not a property right in the use of the adjoining proprietor's land. That right is in the latter, but is limited by an obligation of lateral support. He must not excavate so near the line that his neighbor's soil, by reason of its own weight or the action of the elements, is liable to give way. . . . Adjoining owners have a natural right to the lateral support of each other's ground; or, to state it more exactly, while an adjoining owner has the right to excavate his own ground for any lawful purpose, he must do so in such manner that his neighbor's land will not, by its own weight or through the action of the elements, fall into the excavation." (Citation[s] omitted.)
The defendant claims that an action by the plaintiffs for denial of the right to lateral support of their land can only be made against the adjoining landowner, i.e., the Derby Neck Library Association. It is true that to bring an action for denial of lateral support, the plaintiff must have some form of ownership interest in the land. See Garamella v.Kripinger, 17 Conn. Sup. 59 (1950). The defendant, however, need not be the adjoining landowner. "A potential defendant is any person who causes a subsidence of the supported property. It is immaterial whether in respect to the supporting land the actor is the owner, possessor, licensee or trespasser." 9 R. Powell, Powell On Real Property, (2001) Vol. 9, § 63.04 [2], p. 63-22.[2] "An excavator can be sued directly in a lateral support case along with the record owner of land." Id., p. 63-23. "[A]ny person who directs the excavation to be made or under whose authority it is made, may be held liable for the resulting injury to the adjoining land." 1 Am.Jur.2d 877-78, Adjoining Landowners § 73 (1994. "Any party who participates in causing the damage can be made a defendant." 2 J. Backman D. Thomas, A Practical Guide To Disputes Between Adjoining Landowners-Easements (1997) § 11.06 [1] [b], p. 11-26.[3] Therefore, it is not only the adjoining landowner who can be sued for denial of the right to lateral support of land but anyone who participates in causing the land to subside.
Connecticut has recognized claims against parties other than the adjoining landowner. In Canfield Rubber Co. v. Leary, 99 Conn. 40,121 A. 283 (1923) the defendant, excavators, were found liable for negligent failure to provide lateral support. The defendants had been hired by the city of Bridgeport to construct a sewer line. During the construction, the plaintiffs adjoining property collapsed as a result of CT Page 13010 the excavation. Similarly, in Huber v. Douglas, Inc., 94 Conn. 167,108 A. 727 (1919) the plaintiff sued the adjoining landowner and the contractor claiming loss of lateral support. The contractor, not the adjoining landowner, was found liable. "Ordinarily, if a landowner employs an independent contractor and has no control over the excavation, that landowner is not liable for injuries to other parcels resulting from the contractor's negligence." 9 R. Powell, Powell On Real Property, supra, § 63.03 [1] [d], p. 63-19-63-20. Therefore, there can be situations where the adjoining landowner is not liable for denial of the right to lateral support of land whereas independent contractors may be.
While there does not appear to be precedent in Connecticut holding an architect liable for loss of the right to lateral support, the court is not prepared in ruling on a motion to strike to hold that the defendant, Buchanan Associates Architects, did not participate in any loss which the plaintiff may prove. "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). Given the foregoing treatise language and the Canfield and Huber
cases cited, supra, the motion to strike count three, based on denial of lateral support of land, is denied.
 II
It is well settled that to prevail on a cause of action for private nuisance, a plaintiff must prove four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." Walsh v. Stonington Water Pollution Control Authority,250 Conn. 443, 449 n. 4, 736 A.2d 811 (1999); Filisko v. BridgeportHydraulic Co., 176 Conn. 33, 35-36, 404 A.2d 889 (1978); Kostyal v.Cass, 163 Conn. 92, 99-100, 302 A.2d 121 (1972). The defendant claims that the plaintiff has failed to plead sufficient facts as to the third element required to bring an action for private nuisance, i.e., that Buchanan Associates Architects "used" land in an unlawful or unreasonable manner.
"Our case law has established no bright-line test to determine when a defendant's connection to a particular parcel of property suffices to make it an unreasonable or unlawful "user" of that property. While the defendant in a nuisance action frequently is the owner of the property alleged to be the source of nuisance; see, e.g., Filisko v. BridgeportHydraulic Co., supra; Beckwith v. Stratford, 129 Conn. 506, 29 A.2d 775
CT Page 13011 (1942), property ownership is not a prerequisite to nuisance liability."State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183-184,527 A.2d 688 (1987). "In lieu of a rule of general application, our cases frequently have applied a functional test to determine whether a defendant "uses" property in a manner sufficient to subject him to liability for nuisance. A critical factor in this test is whether the defendant exercises control over the property that is the source of nuisance." Id.
In State v. Tippetts-Abbett-McCarthy-Stratton, supra, 204 Conn. 177, the Connecticut Supreme Court held that although the defendants performed the surveying, testing, planning and design of the Mianus River Bridge, they were not liable in nuisance for damage caused by the bridge's collapse, as they did not exercise control over the bridge or the property on which it stood. Id., 187. Similarly, in Figlar v. Edwards, judicial district of Danbury, Docket No. 336947 (November 7, 2000,Moraghan, J.), the defendant provided surveying and engineering services and prepared a subdivision map for developers of property. The court granted a motion to strike the plaintiffs count in nuisance as there was no factual allegation that the defendant owned, controlled or utilized the land. In this case there is no factual allegation that the defendant, Buchanan Associates Architects, had control over the Derby Neck Library property such that it can be said that the defendant used the property in an unlawful or unreasonable manner.
In addition to the element of control, which is necessary to establish that the defendant "used" the property, to bring a nuisance claim the plaintiff must also allege facts showing some type of continuing activity or continuing danger caused by the defendant. In Botti v. Casa CraneService, judicial district of Ansonia/Milford at Milford Docket No. 055592 (December 24, 1997, Corrandino, J.) (21 Conn. L. Rptr. 475), the plaintiff sued the operators of a hydraulic excavator who were demolishing a building when the building collapsed causing damage. In striking the nuisance count, the court found that operating the hydraulic excavator was not a sufficient continuing activity to satisfy this element necessary in a nuisance claim. The allegations of the complaint lack both the element of unreasonable or unlawful use of the property, as there are no facts alleged showing the defendant had control of the property, and the element of continuity. The motion to strike count six, based on private nuisance, is granted.
 III
The Connecticut Supreme Court first recognized a cause of action for negligent infliction of emotional distress in Montinieri v. Southern NewEnland Telephone Co., 175 Conn. 337, 398 A.2d 1180 (1978). The court CT Page 13012 noted that, ". . . recovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Id., 345. A plaintiff; therefore, need not have sustained actual bodily harm. The court held, however, that in order to state such a claim, the plaintiff has the burden of pleading both that "the defendant should have realized that its conduct involved anunreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Emphasis added.) Id.; see also Ancona v. Manafort Bros., Inc., 56 Conn. App. 701, 713,746 A.2d 184, cert. denied, 252 Conn. 954, 749 A.2d 1202 (2000). "Unreasonable conduct" has been interpreted as "conduct performed in an inconsiderate, humiliating or embarrassing manner." Stosuy v. City ofStamford, judicial district of Fairfield at Bridgeport, Docket No. 358369 (August 20, 1999, Nadeau, J.), affd., 65 Conn. App. 221, ___ A.2d ___ (2001).
The plaintiff has pleaded that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress[4] and that distress, if it were caused, might result in illness or bodily harm.[5] These assertions, however, are legal conclusions. For a complaint to survive a motion to strike, the conclusions of law must be supported by the facts alleged. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). The facts alleged by the plaintiff involve damage, claimed to have been caused by the defendants, to a retaining wall and driveway. The plaintiff claims that this property damage has caused a threat to Lillian Early's health causing her emotional distress. No matter how creatively plead by the plaintiff; the damage alleged is primarily damage to property. The defendant claims that a claim for negligent infliction of emotional distress can not be based on injury to property.
Appellate courts of this state have addressed claims for negligent infliction of emotional distress in the context of various factual scenarios.[6] No appellate decision, as yet, deals with a claim for negligent infliction of emotional distress where the damage alleged is injury to property. Every Superior Court case that has addressed this issue, however, has held that Connecticut courts do not recognize a cause of action for negligent infliction of emotional distress based solely on damage to property.[7] In its original decision recognizing claims for negligent infliction of emotional distress, the Connecticut Supreme Court noted, ". . . the protection the law accords to `the interest in one's peace of mind' . . . must be limited so as not to open up a wide vista of litigation in the field of bad manners, where relatively minor annoyances had better be dealt with by instruments of social control other than the law." (Citation omitted; internal quotation marks omitted.) MontinieriCT Page 13013v. Southern New England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180
(1978). Where the injury alleged is solely to property, it is not foreseeable to the defendant that its conduct could have caused emotional distress and that distress, if it were caused, might result in illness or bodily harm. The defendant, Buchanan Associates Architects, in designing the engineering and architectural aspects of the expansion at the Derby Neck Library, could not reasonably have anticipated that emotional distress would have resulted from its actions and that the distress, if it were caused, would result in illness or bodily harm. The motion to strike count twelve, based on negligent infliction of emotional distress, is granted.
Nadeau, J.