THOMAS DUFFY ET AL. *v.* TOWN OF WALLINGFORD

Superior Court, Judicial District of New Haven at Meriden
File No. CV-00-0274683S

Memorandum filed November 1, 2004

*Miniter & Associates*, for the plaintiffs.

*Howd & Ludorf*, for the defendant.

TANZER, J. On November 9, 2000, the plaintiffs, Thomas Duffy and Tamara Duffy, filed a five count complaint against the defendant, the town of Wallingford. The plaintiffs allege the following facts. In March, 1990, the plaintiffs purchased real property located at 18 Jodi Drive in Wallingford and currently own and reside at that property. The property is located in a subdivision known as Parker Farms Estates. On or about January 23, 1998, raw sewage overflowed into the plaintiffs' home during a rainstorm. The plaintiffs informed the defendant of the situation. On or about September 16, 1999, raw sewage again overflowed into the plaintiffs' home, and the plaintiffs again notified the defendant. The defendant admitted in its answer that it approved the subdivision in which the plaintiffs' home is located and its accompanying sewage system.

In counts one and two, the plaintiffs allege negligent nuisance and absolute nuisance, respectively, on the part of the defendant. In count three, the plaintiffs allege simple negligence on the part of the defendant. In count four, the plaintiffs allege that the defendant recklessly disregarded their health and safety under General Statutes § 52-557n (b) (7) and (8). In count five, the plaintiffs allege negligent infliction of emotional distress. Each

count is premised on the defendant's approval of the subdivision and deficient sewage system and the defendant's knowledge of the allegedly dangerous condition of the system.

The defendant filed an answer and special defenses on December 21, 2000. As to counts one, three and five, the defendant asserts: (1) the plaintiffs' claims are barred by the doctrine of governmental immunity, both at common law and pursuant to § 52-557n; (2) the plaintiffs' claims are barred by a release and settlement of claim (release) that the plaintiffs signed on May 6, 1998; and (3) the plaintiffs' complaint fails to state a claim on which relief may be granted. As to count two, the defendant asserts that the plaintiffs' claims are barred by the release. As to count four, the defendant asserts: (1) the plaintiffs' claims are barred by the release; and (2) the plaintiffs' complaint fails to state a claim on which relief may be granted.

The defendant filed a motion for summary judgment as to the entire complaint, accompanied by a supporting memorandum of law and exhibits. The plaintiffs filed a memorandum of law in opposition to the motion for summary judgment, accompanied by certified copies of excerpts of the transcripts of their depositions.

"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Webster Bank* v. *Oakley*, 265 Conn. 539, 545, 830 A.2d 139 (2003), cert. denied, 541 U.S. 903, 124 S. Ct. 1603, 158 L. Ed. 2d 244 (2004). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material

facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *Schilberg Integrated Metals Corp.* v. *Continental Casualty Co.*, 263 Conn. 245, 252, 819 A.2d 773 (2003).

I

## COUNT ONE—NEGLIGENT NUISANCE; COUNT TWO—ABSOLUTE NUISANCE[1]

In count one, the plaintiffs assert a claim for negligent nuisance. They allege that the defendant approved the subdivision where their home is located and approved the design of the sewage system in the subdivision, which had a natural tendency to create danger and inflict injury. The danger, they allege, was continuing, and the condition created by the defendant was unreasonable, unlawful and a nuisance. As a result of the nuisance, the plaintiffs alleged that they suffered physical discomfort, extreme emotional trauma, resulting in sleeplessness and mental and emotional pain and suffering, damage to their personal property and diminution in the value of their premises.

In count two, the plaintiffs assert a claim for absolute nuisance. The plaintiffs repeat the allegations of the first count and further allege that the defendant's intentional act of approving the building of the plaintiffs'

---

[1] "Claims of nuisance fall into two discrete categories: (1) absolute nuisance and (2) negligent nuisance. The principal distinction between the two is that an absolute nuisance has the added requirement that the conduct be intentional. . . . Intentional, in this context, means not that a wrong or the existence of a nuisance was intended, but that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance." (Citation omitted; internal quotation marks omitted.) *Green* v. *Ensign-Bickford Co.*, 25 Conn. App. 479, 490, 595 A.2d 1383, cert. denied, 220 Conn. 919, 597 A.2d 341 (1991).

premises in the subdivision with the sewer system created a condition that constitutes an absolute private nuisance.

At common law, a plaintiff asserting a private nuisance claim must establish the following elements: "(1) there was an invasion of the plaintiff's use and enjoyment of his or her property; (2) the defendant's conduct was the proximate cause of an unreasonable interference with the invasion; and (3) the invasion was either intentional and unreasonable, or unintentional and the defendant's conduct was negligent or reckless." *Pestey* v. *Cushman*, 259 Conn. 345, 358, 788 A.2d 496 (2002), citing 4 Restatement (Second), Torts § 822 (1979). In *Pestey*, the Supreme Court adopted the principles of § 822 of the Restatement (Second) of Torts and further explained that "in order to recover damages in a common-law private nuisance cause of action, a plaintiff must show that the defendant's conduct was the proximate cause of an unreasonable interference with the plaintiff's use and enjoyment of his or her property. The interference may be either intentional . . . or the result of the defendant's negligence." (Citation omitted.) *Pestey* v. *Cushman*, supra, 361. Furthermore, a nuisance claim against a municipality must also show that the condition alleged to be the nuisance "was created by some positive act of the municipality." (Internal quotation marks omitted.) *Keeney* v. *Old Saybrook*, 237 Conn. 135, 164, 676 A.2d 795 (1996).

The defendant argues that the plaintiffs' nuisance claims fail as a matter of law because the plaintiffs have failed to allege or set forth evidence[2] of a positive act

[2] Throughout its memorandum, the defendant appears to challenge the legal sufficiency of the plaintiffs' complaint. Generally, a claim that the plaintiff failed to state a legal cause of action "should be raised before the pleadings are closed by way of a motion to strike pursuant to Practice Book § 10-39. See *Burke* v. *Avitable*, 32 Conn. App. 765, 772, 630 A.2d 624 ('the office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test the presence of contested factual issues'), cert. denied, 228 Conn. 908, 634 A.2d 297 (1993); cf. *Boucher Agency, Inc.*

by the defendant demonstrating that it created or built the subdivision or the accompanying sewage system. The defendant further contends that the nuisance claims fail to the extent that they are based on a failure of the defendant to remedy the sewage problem because the plaintiffs have not alleged or set forth evidence that the defendant had control over the subdivision or the sewage system.[3]

The Supreme Court has held that "[i]f the town, by positive act, either created or participated in the creation of a nuisance resulting in damage to the plaintiffs, it is liable." *Brennan* v. *West Haven*, 151 Conn. 689, 693, 202 A.2d 134 (1964). In *Brennan*, the plaintiffs brought a nuisance claim against a town in connection with damage to their property caused by inadequate drain pipes that the developer of adjoining property

v. *Zimmer*, 160 Conn. 404, 408–409, 279 A.2d 540 (1971) (suggesting that motion for summary judgment may be used to test sufficiency of cause of action)." *Pane* v. *Danbury*, 267 Conn. 669, 674 n.7, 841 A.2d 684 (2004). "Because the plaintiff[s] did not challenge the propriety of the defendant['s] use of a motion for summary judgment to challenge the legal sufficiency of her complaint," the court "consider[s] the merits of the defendant['s] legal sufficiency claim in the procedural context in which it was raised." Id.

In addition, the defendant argues throughout its memorandum of law that the *plaintiffs* have failed *to allege or set forth evidence* regarding the defendant's conduct. The court notes that the *defendant*, as the party seeking judgment, "has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle [it] to a judgment as a matter of law." *DeCorso* v. *Watchtower Bible & Tract Society of New York, Inc.*, 78 Conn. App. 865, 871, 829 A.2d 38, cert. denied, 266 Conn. 931, 837 A.2d 805 (2003). Only after the defendant has met its burden of establishing that there is no genuine issue of material fact does the burden shift to the plaintiffs to present evidence that demonstrates the existence of some disputed factual issue. *Allstate Ins. Co.* v. *Barron*, 269 Conn. 394, 405–406, 848 A.2d 1165 (2004). The defendant's arguments that the plaintiffs have failed to set forth evidence do not demonstrate, therefore, the absence of a genuine issue of material fact.

[3] The court notes that the defendant asserted § 52-557n as a special defense to the plaintiffs' nuisance and negligence claims. In its supporting memorandum, the defendant failed to argue or address such defense with respect to the plaintiffs' nuisance claims. The court, therefore, declines to address § 52-557n in this portion of its opinion.

had installed and over which the town had constructed a road. Evidence regarding the town's participation in the planning and construction of the pipes and the road was conflicting. The plaintiffs claimed that the town had furnished and paid for the pipes and that the town engineer and other employees aided and assisted in planning, laying out and supervising the work. The Supreme Court held that the trial court properly refused the defendant's request to charge the jury that the town could not be held liable unless its agents performed the construction work because the request overlooked the possibility that the town might be liable if it participated in the creation of the condition claimed to be a nuisance. Id., 693–94.

In the present case, the defendant's only evidence in support of its motion for summary judgment with respect to counts one and two is the response the plaintiffs gave to an interrogatory asking them to state the basis for their contention that the defendant created the condition that constituted an absolute private nuisance. In response to that interrogatory, the plaintiffs stated that "faulty sewer lines [were] known by the [defendant], yet no action was taken to correct the raw sewage from entering" the plaintiffs' house. Relying on *Lukas* v. *New Haven*, 184 Conn. 205, 209, 439 A.2d 949 (1981), the defendant argues that the plaintiffs cannot prevail on a claim against the defendant for a failure to correct a problem that the defendant did not create. The court notes, however, that an additional interrogatory posed by the defendant asks the plaintiffs to state in detail the relevant facts the defendant knew or should have known regarding the sewage system and sewage removal, *at the time the subdivision was approved, and a building permit and certificate of occupancy was issued.* In response to that interrogatory, the plaintiffs stated that "pipe diameter was too small to handle the usage. The [defendant] had undertaken various

repair projects." The plaintiffs' responses raise questions of fact as to whether and to what extent the town participated in or created the condition giving rise to the alleged nuisance.

In addition, the defendant has not submitted any affidavits or set forth any evidence to support its claim that it did not control or maintain the allegedly dangerous condition. As a result, that issue also remains in dispute. See *Heyman Associates No. 1* v. *Ins. Co. of Pennsylvania*, 231 Conn. 756, 796, 653 A.2d 122 (1995) ("[a]s the party moving for summary judgment, the [movant] is required to support its motion with supporting documentation, including affidavits").

The defendant's motion for summary judgment as to counts one and two is denied.

## II

## COUNT THREE—NEGLIGENCE

In count three, the plaintiffs allege that the defendant had a duty to inspect plans that were submitted to it for approval of the subdivision and of the sewage system, to conduct, as necessary, field verifications in accordance with the town's zoning regulations and building code and professional engineering standards, to inspect the premises and to review all relevant documents in accordance with professional standards before issuing the building permit and certificate of occupancy. The plaintiffs allege that the defendant's approval of the subdivision and its issuance of the building permit and certificate of occupancy constituted a breach of its duty.

In its motion for summary judgment, the defendant argues that the plaintiffs' negligence claim is barred by the doctrine of governmental immunity. Relying on § 52-557n (a) (1),[4] the plaintiffs contend that governmental

---

[4] General Statutes § 52-557n (a) (1) provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent

immunity cannot protect the defendant for its creation of the nuisance that provides the basis for their negligence claim. The plaintiffs' argument, however, fails to address subsection (b) of § 52-557n, which articulates certain exceptions to the municipal liability provided for in subsection (a).[5] Under § 52-557n (b) (7), a town or municipality may not be held liable for the discretionary issuance of a permit or certificate unless the issuance constitutes a reckless disregard for health or safety. Similarly, under § 52-557n (b) (8), a town or municipality may not be held liable for its failure to make an inspection or for making an inadequate inspection of property, unless it had notice of a violation of law or hazard to health or safety or unless the failure to inspect or inadequate inspection constitutes reckless disregard for health or safety.

"[U]nder the common law, barring the possible application of an exception, both municipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion." *Elliott* v. *Waterbury*, 245 Conn. 385, 411, 715 A.2d 27 (1998); see also *Heigl* v. *Board of Education*, 218 Conn. 1, 4–5, 587 A.2d 423 (1991) ("[A]

thereof acting within the scope of his employment or official duties . . . and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance . . . ."

[5] General Statutes § 52-557n (b) provides in relevant part: "Notwithstanding the provisions of subsection (a) of this section, a political subdivision . . . shall not be liable for damages to person or property resulting from . . . (7) the issuance . . . of . . . any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance . . . constitutes a reckless disregard for health or safety; (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances . . . ."

municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . . Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion . . . ." [Citations omitted; internal quotation marks omitted.]). "The hallmark of a discretionary act is that it requires the exercise of judgment. . . . Although the determination of whether official acts or omissions are ministerial or discretionary is normally a question of fact for the fact finder . . . there are cases where it is apparent from the complaint." (Citations omitted.) *Lombard* v. *Edward J. Peters, Jr., P.C.*, 252 Conn. 623, 628, 749 A.2d 630 (2000).

In the present case, the defendant's approval of the subdivision and issuance of the building permit and certificate of occupancy constituted governmental acts involving the exercise of judgment or discretion. See *Evon* v. *Andrews*, 211 Conn. 501, 506, 559 A.2d 1131 (1989); *Futia* v. *Murdy & Sons*, Superior Court, judicial district of New London, Complex Litigation Docket at Norwich, Docket No. X04-CV-98-0120949S (March 3, 2003) (*McLachlan, J.*); *Perry* v. *Bethlehem*, Superior Court, judicial district of Litchfield, Docket No. CV-01-0084828S (August 6, 2002) (*Hon. Howard J. Moraghan*, judge trial referee); *Carrier Enterprises, Inc.* v. *Wallingford*, Superior Court, judicial district of New Britain, Docket No. CV-94-460521 (March 8, 1999) (*Shortall, J.*).

Accordingly, the defendant's motion for summary judgment with respect to count three is granted on the ground of governmental immunity.

III

COUNT FOUR—NEGLIGENCE UNDER § 52-557n

In count four, unlike in count three, the plaintiffs claim that the "[d]efendant's approval of the Subdivision and the sewage system, and issuance of a building

permit and certificate of occupancy, when it knew all relevant facts regarding sewage systems and sewage removal, and the history of [these] particular [p]remises constituted a reckless disregard for health and safety under [§] 52-557n (b) (7) and (8)."

To prevail on this aspect of its motion for summary judgment, "the [defendant] must demonstrate that the claim presented in [count four], as pleaded by the [plaintiffs], falls so clearly and unequivocally within the scope of the immunity established by [§ 52-557n (b) (7)] as to entitle [it] to judgment on that claim as a matter of law." *Rivera* v. *Sitaris*, Superior Court, judicial district of Hartford, Docket No. CV-98-0584642S (April 28, 2003) (*Sheldon, J.*). Section 52-557n (b) (7) and (8) exempt towns and municipalities from liability resulting from the negligent inspection of property or negligent issuance of a certification of occupancy unless such issuance or inspection was in reckless disregard of health or safety under the circumstances or unless the defendant had notice of a violation of law. See also *Pickett* v. *Stebbins*, Superior Court, judicial district of Tolland, Docket No. CV-98-66041 (August 18, 1999) (*Klaczak, J.*).[6]

---

[6] In *Pickett* v. *Stebbins*, supra, Superior Court, Docket No. CV-98-66041, the plaintiffs brought suit against the town of Hebron and a town building official, alleging that the building official issued a certificate of occupancy for the plaintiffs' premises in reckless disregard of the health and safety of the plaintiffs. The defendants moved for summary judgment on the basis of governmental immunity under § 52-557n (b) (7) and (8) and submitted the affidavit of the town building official, in which he stated that he had inspected the plaintiffs' premises on several occasions and that the certificate was issued in accordance with state law. Id. The plaintiffs countered the affidavit with testimony from a building construction specialist, who attested that he inspected the premises and found several violations of the state building code. Id. The court, in denying the motion for summary judgment, held that the affidavit submitted by the defendants did not support the absence of any issue of material fact and that "the allegations of the complaint supported by the [plaintiffs'] affidavit and unrefuted by the movant's affidavit" led it to conclude that issues of material fact existed. Id.

Here, the defendant argues that the plaintiffs cannot establish that the defendant acted in reckless disregard of health or safety at the time it approved the subdivision or issued the building permit and certificate of occupancy. In support of this contention, the defendant again relies on the plaintiffs' response to its interrogatory requesting the plaintiffs to identify what the defendant knew or should have known regarding the sewage system at the time it approved the subdivision and issued the building permit and certificate of occupancy.[7]

The defendant has failed to meet its burden of demonstrating that its approval of the subdivision and issuance of the building permit and certificate of occupancy were not done in reckless disregard for the health or safety of others. It is not clear from the plaintiffs' response when the repair work they refer to in their response was performed. Moreover, the fact that repair work on the sewage system may have been conducted after the defendant approved the subdivision or issued the building permit or certificate of occupancy does not conclusively establish that the defendant's approval and issuance were not in reckless disregard of health or safety. Considered together, the plaintiffs' interrogatory response and the defendant's assertions of fact in its memorandum do not demonstrate the absence of a genuine issue of material fact with respect to this issue. See id.

Accordingly, the defendant's motion for summary judgment as to count four is denied.

---

[7] As discussed previously in this memorandum of decision, the defendant, by way of interrogatory, requested the plaintiffs to state in detail the relevant facts the defendant knew or should have known regarding the sewage system and sewage removal, *at the time the subdivision was approved, and a building permit and certificate of occupancy were issued.* The plaintiffs responded that the "pipe diameter was too small to handle the usage. The [defendant] had undertaken various repair projects."

IV

## COUNT FIVE—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

In count five, the plaintiffs, incorporating the allegations in count one, allege negligent infliction of emotional distress. In addition, they allege that the defendant's conduct was unreasonable, involved an unreasonable risk of causing emotional distress and that the defendant knew or should have known that, if caused, such distress might result in illness or bodily harm. As a result of the defendant's conduct, the plaintiffs alleged that they suffered physical discomfort, extreme emotional trauma, resulting in sleeplessness and mental and emotional pain and suffering, damage to their property and diminution in its value.

"[I]n order to state . . . a claim [for negligent infliction of emotional distress], the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 88, 700 A.2d 655 (1997). "[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact. Nevertheless, [the court] recognize[s] that the protection the law accords to the interest in one's peace of mind . . . must be limited so as not to open up a wide vista of litigation in the field of bad manners, where relatively minor annoyances had better be dealt with by instruments of social control other than the law." (Citation omitted; internal quotation marks omitted.) *Montinieri* v. *Southern New England Telephone Co.*, 175 Conn. 337, 345, 398 A.2d 1180 (1978).

The defendant argues that a claim of negligent infliction of emotional distress based on property damage

is not a legally cognizable claim in Connecticut. The plaintiffs counter that no Connecticut appellate court has addressed the issue of whether a claim of negligent infliction of emotional distress based on property damage is viable. The plaintiffs further argue that their claim is not based solely on property damage but, rather, is based on the continued release of raw sewage onto their property, which constituted a health hazard and threat to their personal safety.

Superior Courts have found that "[a] negligent infliction of emotional distress claim based on property damage is not a legally cognizable claim in Connecticut"; *Kurzyna* v. *New Britain*, Superior Court, judicial district of New Britain, Docket No. CV-00-0504388S (April 11, 2002) (32 Conn. L. Rptr. 118, 125) (*Wiese, J.*); reasoning that "[w]here the injury alleged is solely to property, it is not foreseeable to the defendant that its conduct could have caused emotional distress and that distress, if it were caused, might result in illness or bodily harm." *Early* v. *Derby Neck Library*, Superior Court, judicial district of Ansonia-Milford at Derby, Docket No. CV-00-0072405S (September 27, 2001) (30 Conn. L. Rptr. 450, 453) (*Nadeau, J.*).

In the present case, it is undisputed that raw sewage flowed into the plaintiffs' home on at least two occasions. The plaintiffs claim not only that their property was damaged as a result of the sewage, but also that they suffered physical discomfort and annoyance as a result of the presence of the sewage in their home. Unlike the situations in Superior Court cases discussed previously, the plaintiffs' claims for negligent infliction of emotional distress arise out of their personal exposure to sewage and its effect on them. Although the plaintiffs concede in their deposition testimony that they did not sustain physical injury as a result of the sewage incidents, the deposition testimony submitted by the parties presents the following assertions. Raw

sewage entered the plaintiffs' home on two or three occasions and has entered their finished basement to a depth of about twelve inches. Tamara Duffy and her children were required to vacate the premises because of the sewage in their home. Tamara Duffy continues to experience sleeplessness during heavy rains. She remains very upset "about the situation" and testified that "living this way doesn't work well for [her] and doesn't work well for [her] as a mother; that [her] children are exposed to raw sewage in [their] home."

Viewing the allegations of the complaint and the evidence in a light most favorable to the plaintiffs, their claims of emotional distress arise from their responses to the offensive exposure and continuing risk of exposure to raw sewage, not solely from the damage their property allegedly sustained as a result of the invasion of their home. Whether they actually sustained physical injury is of no moment under *Montinieri*. See *Montinieri* v. *Southern New England Telephone Co.*, supra, 175 Conn. 345.

Accordingly, the defendant's motion for summary judgment as to count five is denied.

V

## SPECIAL DEFENSE: RELEASE AND SETTLEMENT OF CLAIM

In its motion, the defendant next argues that the plaintiffs' claims arising from the first sewage incident on January 23, 1998, are barred by a release that the plaintiffs allegedly signed on May 6, 1998.[8]

As a general matter, "[o]nly evidence that would be admissible at trial may be used to support or oppose

---

[8] The defendant contends that the release, which is included as an exhibit to its supporting memorandum of law, clearly and unambiguously states that the plaintiffs agreed to release and forever discharge the defendant from all claims arising out of the incident on January 23, 1998. The plaintiffs, however, contend that the copy of the release that the defendant submitted to the court is incomplete inasmuch as it contains only the first page.

a motion for summary judgment." (Internal quotation marks omitted.) *Great Country Bank* v. *Pastore*, 241 Conn. 423, 436, 696 A.2d 1254 (1997), citing Practice Book § 381, now § 17-46. The defendant has not provided a certification or affidavit to authenticate the release. Given that the release has not been properly authenticated and a question remains as to its completeness, the court declines to afford it consideration.

## VI

## DAMAGES

The defendant additionally contends that the plaintiffs' claims for property loss are barred because the plaintiffs have already been compensated for these losses. The plaintiffs respond that an issue of fact remains as to the amount of damage to their real property because Thomas Duffy has testified that the value of the plaintiffs' home and real property has decreased as a result of the sewage. In addition, Tamara Duffy testified that she was not compensated fully for the diminished value of her home. Furthermore, the defendant did not submit evidence establishing that the plaintiffs were compensated fully for the diminished value of their home. Moreover, if the plaintiffs prevail on any of their remaining claims, they may be entitled to nominal damages at a minimum. The court, therefore, cannot rule, as a matter of law, that the defendant is entitled to summary judgment with respect to damages. Genuine issues of material fact remain.

The defendant's motion for summary judgment with respect to damages is denied.

## VII

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment as to counts one, two, four and five is denied. The defendant's motion for summary judgment as to count three is granted.