## PATRICIA STOSUY *v.* CITY OF STAMFORD
(AC 21164)

Lavery, C. J., and Dranginis and O'Connell, Js.

Submitted on briefs June 13—officially released August 21, 2001

*Daniel H. Kryzanski* filed a brief for the appellant (plaintiff).

*Barry J. Boodman,* assistant corporation counsel, and *Andrew J. McDonald,* director of legal affairs, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Patricia Stosuy, appeals from the judgment of the trial court rendered after it

granted the motion for summary judgment filed by the defendant, the city of Stamford. Although the court rendered judgment as to counts three, four and five of her complaint,[1] the plaintiff on appeal challenges the judgment only as to counts three and four. On appeal, the plaintiff claims that the court improperly (1) granted the motion as to her claims for breach of contract and for breach of the implied covenant of good faith and fair dealing on the ground that she had not filed a claim of breach of the duty of fair representation against her union, and (2) disregarded her position that she had exhausted her administrative remedies under her collective bargaining agreement. We affirm the judgment of the trial court.

The following facts are undisputed. The plaintiff applied for the position of assistant town clerk of the city of Stamford. The defendant's human resources department denied her application, and the plaintiff appealed to the defendant's personnel commission. After the personnel commission denied the appeal, the plaintiff filed a grievance with her union. Her union declined to represent her in the matter.

The plaintiff claims that the court improperly granted the defendant's motion for summary judgment as to her claims of breach of contract and breach of the implied covenant of good faith and fair dealing. She argues that a union employee is not required to make a claim against her union alleging breach of its duty of fair representation before the employee can proceed with a breach of contract claim against her employer if she has made an attempt to exhaust remedies under the collective bargaining agreement. We disagree.

"In reviewing a trial court's ruling on a motion for summary judgment when the material facts are undis-

---

[1] The plaintiff does not appeal from the judgment as to count five. The court previously had granted the defendant's motion to strike counts one and two, and the plaintiff did not replead as to those counts.

puted, we must decide whether the trial court erred in concluding that the moving party was entitled to judgment as a matter of law. . . . [O]ur review of the ruling of the trial court is plenary, and we must determine whether the trial court's conclusions are legally and logically correct and find support in the facts appearing in the record." (Internal quotation marks omitted.) *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 156–57, 745 A.2d 178 (2000).[2]

"Ordinarily a court may entertain a suit by an individual employee to enforce the terms of a collective bargaining agreement only if the agreement so provides. . . . An employee does, however, have standing to enforce the terms of a collective bargaining agreement if the employee claims that the union has breached its duty of fair representation." (Citation omitted.) *Labbe* v. *Hartford Pension Commission*, 239 Conn. 168, 182, 682 A.2d 490 (1996). "Where the collective bargaining agreement permits only the union to take a grievance to arbitration, the employee has no further remedy unless he can prove that the union breached its duty of fair representation by acting arbitrarily, maliciously, or in bad faith." *Saccardi* v. *Board of Education*, 45 Conn. App. 712, 722, 697 A.2d 716 (1997).

The plaintiff brought her action directly against the defendant for breach of contract and for breach of the implied covenant of good faith and fair dealing on the basis of her collective bargaining agreement. The agreement does not provide for such actions, and she did not bring a claim against her union alleging a breach of its duty of fair representation. Therefore, the court properly concluded that she lacked standing and that

---

[2] Practice Book § 17-49 provides in relevant part that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

the defendant was entitled to judgment as a matter of law.

The judgment is affirmed.