[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants move to dismiss or strike all the counts of the complaint. The complaint alleges three counts of breach of the collective bargaining agreement, a count in intentional infliction of emotional distress and a count in negligent infliction of emotional distress. According to the complaint, the plaintiff is employed as a police officer at the defendant Winchester police department for the defendant town of Winchester and the defendant Nicholas Guerriero is the chief of the police department.
The defendants move to dismiss the first three counts which sound in breach of contract on two grounds. First, they argue that the plaintiff has failed to exhaust his administrative remedies. Second. they argue that he has no standing to assert a breach of the collective bargaining agreement. As to the first ground, the plaintiff rebuts this argument by stating that he exhausted the administrative remedies because the statute of limitations ran on his grievance while he was awaiting a decision on a motion for prohibited practices.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983). Subject matter jurisdiction can be raised at any time. Gagnon v. Planning Commission, 222 Conn. 294 297 (1992). Standing "implicates a court's subject matter jurisdiction. . . ."Stamford Hospital v. Vega, 236 Conn. 646, 656 (1996). Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS Ball Bearing, 237 Conn. 1, 4
(1996). CT Page 1201
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the Facts to be those alleged in the complaint, including those facts necessarily implied from the allegation, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308 (1998).
"Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown, 245 Conn. 657, 676
(1998).
As to the claims that the court must be dismissed because the plaintiff has failed to exhaust his administrative remedies, the law is clear. InHunt v. Prior, 236 Conn. 421, 431 (1996). the Supreme Court noted that "[f]ailure to exhaust the grievance procedures deprives the court of subject matter jurisdiction." (Internal quotation marks omitted.) Further, the appellate court in Saccardi v. Board of Education,45 Conn. App. 712, 722 (1997) held that
 [w]here the collective bargaining agreement permits only the union to take a grievance to arbitration, the employee has no further remedy unless he can prove that the union breached its duty of fair representation by acting arbitrarily, maliciously, or in bad faith.
There is no claim here against the union for breach of its duty of fair representation for its failure to pursue the plaintiffs grievance in a timely fashion. Accordingly, the plaintiff has failed to exhaust his administrative remedies.
Further the plaintiff lacks standing to bring these claims for breach of the collective bargaining agreement.
 Ordinarily a court may entertain a suit by an individual employee to enforce the terms of a collective bargaining agreement only if the agreement so provides. . . . An employee does, however, have standing to enforce the terms of a collective bargaining agreement if the employee claims that the union has breached its duty of fair representation.
CT Page 1202
(Internal quotation marks omitted.) Stosuy v. Stamford, 65 Conn. App. 221,223 (2001) quoting Labbe v. Hartford Pension Commission, 239 Conn. 168,182 (1996).
For the foregoing reasons, the motion to dismiss counts one, two and three is granted.
The defendants also move to strike the final two counts sounding in intentional and negligent infliction of emotional distress, respectively. As to the fifth count sounding in negligent infliction of emotional distress, at oral argument, the plaintiff conceded thatPerodeau v. Hartford, 259 Conn. 729, 762-63 (2002) bars this count. Accordingly count five is stricken.
A motion to strike challenges the legal sufficiency of a pleading. P.B. § 10-39. "Like the demurrer it admits all facts well pleaded. . . ." (Emphasis in original) Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
As to count four, the court denies the motion to strike. The defendants argue that the plaintiff's allegations of intentional infliction of emotional distress are insufficient in setting forth facts sufficiently extreme or outrageous. The court has reviewed the allegations as to the retaliatory nature of his demotion and his hospitalization for heart problems as a result thereof There may be evidence supporting these allegations that could result in a finding of extreme and outrageous conduct. See Talit v. Peterson, 44 Conn. Sup. 490, 498 (1995).
The motion to dismiss is granted in its entirety. The motion to strike count five is granted. The motion to strike count four is denied.
___________________ DiPentima, J. CT Page 1203